104 P.3d 17 (2004)
Susan K. COLBERT, an individual, Appellant,
v.
PACIFIC STATES MARINE FISHERIES COMMISSION, an interstate commission; Scott Livingston, a married individual; Jane Doe Livingston, a married individual, Respondents.
No. 22400-7-III.
Court of Appeals of Washington, Division 3, Panel Eight.
December 21, 2004.
*18 David William Savage, Robert W. Rembert, Irwin, Myklebust, Savage & Brown, Pullman, WA, for Appellant.
Robert C. Tenney, Alfred Gordon Schweppe, Meyer, Fluegge & Tenney PS, Yakima, WA, for Respondent.
SWEENEY, A.C.J.
Federal courts have exclusive jurisdiction over disputes involving federal agencies. But mere consent by Congress to the creation of a multistate commission (consent required by the compact clause of the United States Constitution) does not mean that the resulting commission is a federal agency. The trial court held in this personal injury suit that, absent an express disclaimer, any commission created by the consent of Congress was a federal agency. We disagree and therefore reverse the court's summary dismissal of Susan Colbert's damage suit against the Pacific States Marine Fisheries Commission.

FACTS
Susan Colbert was injured when she fell through a trapdoor located on a platform at Lower Granite Dam. An employee of the Pacific States Marine Fisheries Commission (Commission) had left the trapdoor open. Ms. Colbert sued the employee and the Commission for damages claiming negligence. The Commission (we will refer to the employee and the Commission as the Commission) filed a motion to dismiss for lack of subject matter jurisdiction. The court granted the motion. It concluded that the Commission was a federal agency and that the suit was therefore subject to federal jurisdiction, exclusively.

DISCUSSION

STATE COURT JURISDICTION
Ms. Colbert challenges the trial court's essential characterization of the Commission as a federal agency.
Jurisdiction is a question of law and so our review is de novo. Crosby v. Spokane County, 137 Wash.2d 296, 301, 971 P.2d 32 (1999).
The compact clause of the United States Constitution requires that Congress approve agreements or compacts between or among states. U.S. CONST. art. I, § 10. But even then it is only those agreements which tend to concentrate political power in the states and thus encroach upon the supremacy of the United States. Cuyler v. Adams, 449 U.S. 433, 440, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981); Seattle Master Builders Ass'n v. Pac. N.W. Elec. Power & Conservation Planning Council, 786 F.2d 1359, 1363 (9th Cir.1986). Congress does not actually create a compact entity by providing its consent. Seattle Master Builders, 786 F.2d at 1365. It simply provides the authority for the states to do so. Id.
*19 The consent of Congress causes the compact agreement itself to become federal law. Cuyler, 449 U.S. at 440, 101 S.Ct. 703; Salmon For All v. Dep't of Fisheries, 118 Wash.2d 270, 278, 821 P.2d 1211 (1992). Therefore, federal law applies to all litigation regarding the scope or construction of the language establishing the compact. Petty v. Tennessee-Missouri Bridge Comm'n, 359 U.S. 275, 278, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959).[1] State law may apply to matters within the language of the compact if the compact expressly provides for state law to apply. Seattle Master Builders, 786 F.2d at 1371; Salmon For All, 118 Wash.2d at 278, 821 P.2d 1211.
But while compacts may be treated as federal law, it does not necessarily follow that the fruits of these compacts are federal agencies. Old Town Trolley Tours of Wash., Inc. v. Wash. Metro. Area Transit Comm'n, 129 F.3d 201, 204 (D.C.Cir.1997). The agency created is an authority of the states creating it. Id.; Seattle Master Builders, 786 F.2d at 1371 ("To the extent that the Council functions as a compact, it is considered the state-created agency of each state."). This is not true, however, if the compact specifically incorporates federal law, unless the compact also includes a congressional disclaimer that the agency created is not a federal agency. See Tucker v. Columbia River Gorge Comm'n, 73 Wash.App. 74, 78, 867 P.2d 686 (1994); Skamania County v. Woodall, 104 Wash.App. 525, 16 P.3d 701 (2001); Seattle Master Builders, 786 F.2d 1359.
We can find no support for the Commission's position that all interstate compact entities are federal agencies absent such a disclaimer. See Tucker, 73 Wash.App. at 78, 867 P.2d 686; Skamania, 104 Wash.App. 525, 16 P.3d 701; Seattle Master Builders, 786 F.2d 1359.
Tucker and Skamania dealt with questions generally related to the Columbia River Gorge Commission. It was formed by an interstate compact. Tucker, 73 Wash.App. 74, 867 P.2d 686; Skamania, 104 Wash.App. 525, 16 P.3d 701. And the compact creating that commission included more than simple congressional consent to the compact. 16 U.S.C. § 544c. There, the Columbia River Gorge Commission's operations were specifically spelled out by the federal government:
(A) the States of Oregon and Washington shall establish by way of an interstate agreement a regional agency known as the Columbia River Gorge Commission, and shall incorporate sections 544 to 544p of this title by specific reference in such agreement. The Commission shall carry out its functions and responsibilities in accordance with the provisions of the interstate agreement and of sections 544 to 544p of this title and shall not be considered an agency or instrumentality of the United States for the purpose of any Federal law.

16 U.S.C. § 544c(a)(1)(A) (emphasis added). And the Washington statute ratifying the Columbia River Gorge Commission compact acknowledges as much:
A compact is entered into by and between the states of Washington and Oregon, signatories hereto, with the consent of the Congress of the United States of America, granted by an Act entitled, "The Columbia River Gorge National Scenic Area Act," P.L. 99-663.

ARTICLE I
COLUMBIA GORGE COMMISSION ESTABLISHED
a. The States of Oregon and Washington establish by way of this interstate compact a regional agency known as the Columbia River Gorge Commission. The commission established in accordance with this compact shall have the power and authority to perform all functions and responsibilities in accordance with the provisions of this compact and of the Columbia River Gorge National Scenic Area Act (the federal Act), which is incorporated *20 by this specific reference in this agreement.

RCW 43.97.015 (emphasis added). And so a disclaimer expressly denying the federal character of the commission was necessary: "The Commission ... shall not be considered an agency or instrumentality of the United States for the purpose of any Federal law." 16 U.S.C. § 544c(a)(1)(A) (emphasis added); Tucker, 73 Wash.App. at 78, 867 P.2d 686.
The Pacific Northwest Electric Power and Conservation Planning Council is another example of the same problem. Seattle Master Builders, 786 F.2d at 1362-63. Again, specific federal laws for the Council's operation are set out in the compact by the federal government:
(1) The purposes of this section are to provide for the prompt establishment and effective operation of the Pacific Northwest Electric Power and Conservation Planning Council, to further the purposes of this chapter ... and to otherwise expeditiously and effectively carry out the Council's responsibilities and functions under this chapter.

(2) To achieve such purposes and facilitate cooperation among the States of Idaho, Montana, Oregon, and Washington, and with the Bonneville Power Administration, the consent of Congress is given for an agreement described in this paragraph and not in conflict with this chapter, pursuant to which 
(A) ... the "Pacific Northwest Electric Power and Conservation Planning Council" ... (ii) shall carry out its functions and responsibilities in accordance with the provisions of this chapter, (iii) shall continue in force and effect in accordance with the provisions of this chapter, and (iv) except as otherwise provided in this chapter, shall not be considered an agency or instrumentality of the United States for the purpose of any Federal law.

16 U.S.C. § 839b(a) (emphasis added). And again, the Washington statute for Washington's participation in the council also expressly incorporates the federal act: "The state of Washington agrees to participate in the Pacific Northwest Electric Power and Conservation Planning Council pursuant to the Pacific Northwest Electric Power Planning and Conservation Act [federal Act]." RCW 43.52A.010 (emphasis added).
So the disclaimer set out in 16 U.S.C. § 839b(a)(2)(A)(iv) of the federal act was necessary to specifically disclaim that the council was a federal agency for the purposes of federal law. Without the disclaimer the agency appeared to be just that  a federal agency. Incidentally, the court noted the importance of maintaining the council as a multistate entity in several references to the legislative history. Seattle Master Builders, 786 F.2d at 1363 ("Congress wanted to avoid conflicts with state law and to maintain accountability through the application of federal substantive and procedural law, ... but also wanted to avoid the potential constitutional problems of a federal agency composed of state appointees.").
We are led to conclude from these cases that where federal law is not expressly incorporated into the compact, a disclaimer that the agency is not a federal agency is unnecessary. See Salmon for All, 118 Wash.2d 270, 821 P.2d 1211; RCW 77.75.010; Act of Apr. 8, 1918, Pub.L. No. 65-123, 40 Stat. 515 (hereafter Act of Apr. 8, 1918). The Columbia River Compact is an example of a compact controlled by state law:
There exists between the states of Washington and Oregon a definite compact and agreement as follows:

All laws and regulations now existing or which may be necessary for regulating, protecting or preserving fish in the waters of the Columbia river, or its tributaries, over which the states of Washington and Oregon have concurrent jurisdiction, or which would be affected by said concurrent jurisdiction, shall be made, changed, altered and amended in whole or in part, only with the mutual consent and approbation of both states.

RCW 77.75.010 (emphasis added).
Here, Congress provided nothing more than its consent: "To ratify the compact and agreement between the States of Oregon and Washington regarding concurrent jurisdiction over the waters of the Columbia River *21 and its tributaries in connection with regulating, protecting, and preserving fish." Act of Apr. 8, 1918. The compact incorporates no federal law. Id. In fact, no federal statute forms the Columbia River Compact; this was left up to the states. RCW 77.75.010; Timothy Weaver, Litigation and Negotiation: The History of Salmon in the Columbia River Basin, 24 ECOLOGY L.Q. 677, 679 n. 5 (1997).
And our Supreme Court noted that the Columbia River Compact was not a federal agency: "The Columbia River Compact, a multistate entity, is the chief regulatory authority over non-Indian commercial salmon fishing on the Columbia River." Salmon for All, 118 Wash.2d at 275, 821 P.2d 1211 (emphasis added). The federal government did not disclaim the federal nature of the Columbia River Gorge Compact in Salmon for All. Id. at 273-75, 821 P.2d 1211. But any such disclaimer was unnecessary. Id. Nothing in Congress's consent implied that it was a federal agency.
The Commission relies on our Supreme Court's holding in Tucker: "the federal government must specifically disclaim the federal nature of an interstate compact agency for a commission to be considered an instrumentality of the states. Tucker (vs) [v.] Columbia River Gorge Commission, 73 Wash.App. 74 [867 P.2d 686]." Clerk's Papers (CP) at 4. But this case is not Tucker.
Unlike the Columbia River Gorge Commission in Tucker and Skamania, state legislation creating the Commission did not expressly incorporate federal law. The compact here is completely governed by the member states: "This agreement shall become operative immediately as to those states executing it whenever the compacting states have executed it in the form that is in accordance with the laws of the executing states and the congress has given its consent." RCW 77.75.030, art. II (emphasis added); CP at 78. Article V states: "Said commission shall adopt rules and regulations for the conduct of its business." RCW 77.75.030, art. V (emphasis added); CP at 79. Article VI states: "No action shall be taken by the commission except by the affirmative vote of a majority of the whole number of compacting states represented at any meeting." RCW 77.75.030, art. VI; CP at 79.
No federal statute directs that federal law is controlling. Unlike the Columbia River Gorge Commission, Congress simply consented to the interstate compact: "Granting the consent and approval of Congress to an interstate compact relating to the better utilization of the fisheries (marine, shell, and anadromous) of the Pacific coast and creating the Pacific Marine Fisheries Commission." Act of July 24, 1947, Pub.L. No. 80-232, 61 Stat. 419-422.[2] The Commission here is similar to the Columbia River Compact in Salmon for All. Like the Columbia River Gorge Commission compact, Congress provided its consent to the interstate compact without incorporating federal laws. Id.
We conclude then that the Commission is a multistate entity, not a federal agency.

FEDERAL FUNDING
The Commission argues nonetheless that a state agency (or here a multistate agency) may be converted into a federal agency if it engages in contracts with the federal government where the federal government ultimately controls the agency's operations. See United States v. Orleans, 425 U.S. 807, 814-15, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). But the question is not whether the agency "receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." Id. at 815, 96 S.Ct. 1971. Congress finances many programs but that does not mean that it controls the details of their actual performance. Id. at 816, 96 S.Ct. 1971.
The Commission has contracts with the federal government and receives federal moneys. But we find nothing in this record to suggest that the federal government controls its daily operations. To the contrary, the Commission is run entirely by the participating states. Money is not the determining *22 factor; control is. Id. at 818, 96 S.Ct. 1971. And we do not see that control here.
The Pacific States Marine Fisheries Commission is not a federal agency. And its employees are not, therefore, federal employees. Washington courts have subject matter jurisdiction over this dispute. RCW 2.08.010.
We reverse the trial court's decision to the contrary.
WE CONCUR: KURTZ and BROWN, JJ.
NOTES
[1] See also Cuyler, 449 U.S. at 438-42, 101 S.Ct. 703; League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 507 F.2d 517, 522 (9th Cir.1974); Skamania County v. Woodall, 104 Wash.App. 525, 532, 16 P.3d 701 (2001); Klickitat County v. State, 71 Wash.App. 760, 862 P.2d 629 (1993).
[2] Congress later redesignated the Pacific Marine Fisheries Commission as the Pacific States Marine Fisheries Commission. Pub.L. No. 101-627, 104 Stat. 4436 (Nov. 28, 1990).