I. INTRODUCTION
This matter comes before the court on cross-motions for summary judgment by Plaintiff Pacific States Marine Fisheries (taxpayer) and Defendant Multnomah County (the county). Defendant Department of Revenue (the department) did not join the county's motion. Although taxpayer's complaint contained a claim based on estoppel, that claim has been withdrawn, and the withdrawal was confirmed on the record in the hearing on this matter. There remains the question of whether certain property is exempt from property taxation.
 II. FACTS
Taxpayer is an entity created by compact, authorized by Congress, and adopted by five contracting states: Oregon, Washington, California, Idaho, and Alaska. It serves as an advisory entity to the contracting states but is not controlled by any state. Rather, it is controlled by representatives that are appointed by each member state. The general purposes of taxpayer are to encourage better use of fisheries and to develop a program that prevents physical waste of the *Page 352 
fisheries located in the areas of the Pacific Ocean and adjacent waters over which the compacting states have jurisdiction. It receives virtually all its funding from grants and contracts.
On September 9, 2003, taxpayer entered into a 10 year lease with Oaks Landing Investment Group LLC for office space located at 205 SE Spokane Street in Portland. The office space houses taxpayer's administrative offices, technology department, and research programs. The lease provides for a reduction in rent for any actual tax savings realized by the lessor for any real estate tax exemption obtained by taxpayer.
On or about January 14, 2004, taxpayer submitted an application for property tax exemption to Multnomah County with a request that the property be exempted from taxation for the term of the lease, beginning in tax year 2004-05. On September 23, 2004, the county denied the tax exemption, stating that taxpayer did not meet the statutory requirements for exemption. On December 10, 2004, tax-payer appealed the denial to the Magistrate Division of this court. The magistrate upheld the county's determination, and this appeal ensued.
 III. ISSUE
Does the property in question qualify for exemption from property taxation under ORS 307.112?[1]
 IV. ANALYSIS
The exemption claimed is found in ORS 307.112(1), which provides, in relevant part:
 "Real or personal property of a taxable owner held under lease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, granted exemption or the right to claim exemption for any of its property under ORS 307.090 * * * is exempt from taxation * * *. *Page 353 
Taxpayer claims it comes within this statute because it is an "institution, organization or public body," granted exemption under ORS 307.090. That statute provides, in relevant part:
 "(1) Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities and all other public or municipal corporations in this state, is exempt from taxation."
The arguments of the parties are straightforward in character. The county asserts that because ORS 307.090 only applies to public or municipal corporations, the exemption provided through the combination ORS 307.090 and ORS 307.112 cannot apply to taxpayer, which is not a corporate body. Taxpayer maintains it is a distinct legal entity with corporate characteristics formed for public purposes and should, therefore, be treated as a public corporation.
1-6. The question is one of statutory construction, to be decided under the well-known framework of PGE v. Bureau ofLabor and Industries, 317 Or 606, 859 P2d 1143 (1993). As to one basic constructional rule, the parties disagree. The county asserts that exemption statutes are to be strictly construed in favor of the state. Mult. School of Bible v. Mult.Co., 218 Or 19, 27, 343 P2d 893 (1959). Taxpayer points out decisions that indicate when public property is involved, exemption is the rule and taxation the exception. See,e.g., Linn-Benton Housing Authority v. Linn Cty. Assessor,17 OTR 1, 4 (2003). The court has stated as to the county's cited authority that where legislative intent can be discerned, it must govern without regard to whether the result can be described as "strict." North Harbour Corp. v. Dept. ofRev., 16 OTR 91, 95 (2002). The constructional rule serves only as a tie-breaker. The same approach must be applied as to any other rule, including the statement that when public property is involved, exemption is the rule. In addition, however, the court sees no reason to apply a rule that presumes the existence of "public" property to a case in which the question of whether the property is "public" is the point at issue. Ultimately, the question is whether the property in question fits *Page 354 
within a statutory scheme of exemption. If it does, it is "public" and it may benefit from a more liberal rule as to other aspects of the exemption scheme. Where, as here, however, the question is whether the user of the property is a "public" body, preferential rules based on the outcome of that question should not apply.
7-9. For whatever reason, the Oregon legislature has required that to be exempt under ORS 307.112, the user of the property must either be a specified type of public body, which taxpayer is not, or be a "public or municipal corporation." The Oregon legislature does not always require such corporate status for exemption. Under ORS 307.210(1), property of mutual or cooperative water associations, "whether incorporated or unincorporated," is exempt. The requirement for corporate status must be given effect and taxpayer must, therefore, be a corporation if this property is to be exempt. No state or federal statute or legal authority, however, declares taxpayer to be or describes taxpayer as a corporation. The language of the compact creating taxpayer, found in the legislative actions of Oregon, ORS 507.040, and the federal Congress, Public Laws 101-627, section 1001(c), 104 Statutes at Large 4436 (1990), describe taxpayer as a "commission."
Commission status was not the only choice available to the member states or the federal government at the time of taxpayer's creation. Although some compacts create commissions, others create a "regional agency." See ORS 196.150
(relating to the Columbia River Gorge Commission). However, some compacts create corporate bodies, even though they may be described, for some purposes, as commissions. The Interstate Commission for Adult Offender Supervision, to which Oregon belongs pursuant to ORS 144.600, is described in its organic law as "a body corporate and joint agency of the compacting states." ORS 144.600, art III. The same is true for the Western Interstate Commission for Higher Education. ORS 351.770, art III. Likewise, some compact-created bodies are declared to be bodies "corporate and politic," constituting public corporate instrumentalities of one or more states. See, e.g., NJ Stat Ann § 32:3-2 (relating to the Delaware River Port Authority). The Oregon legislature knows how to use such language. Housing Authorities that are exempt under ORS 307.110
must be created under *Page 355 
ORS chapter 456. That chapter describes such an authority as a "body corporate and politic." ORS 456.075.
10. The foregoing demonstrates that states, including Oregon, and the federal government have created corporate bodies in some compacts but have avoided corporate status in other compacts. Those choices presumably have significance and prevent the court from concluding that taxpayer is a public or municipal corporation.
11. Taxpayer points to the fact that the governing body of the commission is similar to a corporate board of directors. A collegial decision-making body, however, can be found in concededly noncorporate contexts, such as partnerships and unincorporated associations. Decisionmakers may govern a body, but their organizational structure does not define the entity's legal status.
12. The parties have discussed a variety of cases arising in many different contexts where the question of the status of an entity as a public corporation has been at issue. The court is of the opinion that there is no "unified field theory" on this matter. A result relevant to the law of tort or public finance does not govern the outcome in a matter involving taxation.State ex rel Eckles v. Woolley, 302 Or 37, 45,726 P2d 918 (1986) (stating that "characterizations in judicial opinions responding to such arguments made in one context are inconclusive on substantially different issues arising in the context of different laws"). No case has definitively addressed this question in the context of ORS 307.112 or ORS 307.090. However, effect must be given to the fact that, for whatever reason, Oregon, and others, joined a commission pursuant to ORS507.040. Oregon, and others, could have, but did not, become associated with or a member of a "body corporate" or a "body corporate and joint agency."
13-20. Accordingly, the property in question does not qualify for exemption from property tax. That result is fully consistent with the general framework of exemptions and the particular provisions of ORS 307.112, which operate in conjunction with ORS307.090. ORS 307.090 provides a broad exemption for propertyowned by the State of Oregon and its political subdivisions. A similar exemption exists under ORS 307.040 for property owned by the federal government. When *Page 356 
the focus turns to such governmental or public bodies standing in the position of a lessee, however, the state itself is excluded from the list of lessees that can use property and yet achieve exempt status of the property. But it is not just a lease to the state that is excluded from the scope of exemption. A lease of privately owned property by the federal government is also excluded. OAR 150-307.112(4)[2] provides, "[t]he State of Oregon and the United States government are not permitted to file a claim for exemption under ORS 307.112." Thus, the provisions of Oregon law on exemption as to property owned or leased by the federal government and Oregon are symmetrical: owned property is exempt, pursuant to ORS 307.040 and ORS307.090, and property leased by those governments is taxable. That being the case, it would be passing strange if property leased to an interstate compact commission was exempt. Any such interstate compact commission is necessarily created by, and a "child" of, federal and state parentage, at least as to those compacts, such as the one in question here, requiring or having congressional approval under Article I, section 10, of the United States Constitution. Exemption for property leased to such a commission would mean that a benefit would be available to the "child" of federal and Oregon governments even though the benefit is available to neither parent.[3] That result is not legally acceptable. Now, therefore,
IT IS ORDERED that Plaintiffs Motion for Summary Judgment is denied;
IT IS FURTHER ORDERED that Defendant Multnomah County's Cross-Motion for Summary Judgment is granted.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.
[2] All references to the Oregon Administrative Rules (OAR) are to the 2003 version.
[3] The commission at issue here is created by action of states other than Oregon as well. That cannot matter, however. There is no statutory authority or logic that would produce a result where property leased by Oregon would be taxable but property leased by another state would not be taxable. This case only involves a noncorporate body created by compact and the analysis in this decision does not necessarily extend to compacts creating separate juridical entities. *Page 357