Argued and submitted December 9, 2008, judgment of Tax Court affirmed
April 9, 2009

# PACIFIC STATES MARINE FISHERIES COMMISSION,
*Plaintiff-Appellant,*

*v.*

# DEPARTMENT OF REVENUE
and Multnomah County Assessor,
*Defendants-Respondents.*

## (TC 4771; SC S055392)

206 P3d 1037

James E. Mountain, Jr., Harrang Long Gary Rudnick PC, Portland, argued the cause and filed the briefs for appellant. With him on the briefs was Jona J. Maukonen.

Jed R. Tomkins, Assistant County Attorney, Portland, argued the cause and filed the brief for respondents. With him on the brief was Agnes Sowle.

KISTLER, J.

**KISTLER, J.**

The question in this case is whether the Pacific States Marine Fisheries Commission (Pacific Fisheries) is a "public * * * corporatio[n] in this state" and thus entitled to a property tax exemption under ORS 307.090. The Tax Court held that, because Pacific Fisheries is not a "public corporation," it is not entitled to a tax exemption. The court entered judgment accordingly. *Pacific States Marine Fisheries v. Dept. of Rev.*, 19 OTR 349 (2007). We affirm the Tax Court's judgment but for a different reason. We hold that, although Pacific Fisheries is a "public corporation," it is not a public corporation "in this state," as that phrase is used in ORS 307.090.

The facts are taken from the stipulated facts submitted to the Magistrate Division and supplemented in the Regular Division of the Oregon Tax Court. In 1947, the States of Washington, California, and Oregon entered into an interstate compact to create a commission, Pacific Fisheries, to investigate and advise its member states about "the conservation of the marine, shell, and anadromous fisheries in all of those areas of the Pacific Ocean over which the signatory states * * * have or may hereafter acquire jurisdiction." ORS 507.040 art IV.[1] The commission is composed of representatives appointed by each state; each representative serves a four-year term. *Id.* art III. Each state is limited to one vote, and all actions taken by Pacific Fisheries must be supported by an affirmative majority vote of the states present at the meeting. *Id.* art III, VI. The compact directs Pacific Fisheries to elect a chair and a vice chair and adopt rules and regulations for the conduct of its business. *Id.* art V. The compact also authorizes Pacific Fisheries to appoint officers, hire employees, and open offices. *Id.* Finally, the compact continues in force, and the commission it creates continues to exist, until the member states dissolve the compact by withdrawing from it. *Id.* art XI.

---

[1] ORS 507.040 sets out the terms of the interstate compact. The compact became effective on Congress' approval, US Const, Art I, § 10, which occurred in 1947. Act of July 24, 1947, Pub L No 80-232, 61 Stat 419-422. After Congress approved the compact, Alaska and Idaho became members of Pacific Fisheries.

In 2003, Pacific Fisheries entered into a ten-year lease with a private company for office space located in Multnomah County. The lease provides that Pacific Fisheries' rent will be reduced for any tax savings the lessor realizes as a result of any property tax exemption Pacific Fisheries obtains. Shortly after it entered the lease, Pacific Fisheries applied to Multnomah County for a tax exemption under ORS 307.112(1) and ORS 307.090. On September 23, 2004, Multnomah County denied the application based on its determination that Pacific Fisheries is not an exempt organization under ORS 307.090. Pacific Fisheries filed for relief in the Magistrate Division of the Tax Court, which upheld the county's determination.

Before the Regular Division of the Tax Court, Pacific Fisheries and the county filed cross-motions for summary judgment. The Tax Court granted the county's motion and denied Pacific Fisheries' motion. *Pacific States Marine Fisheries*, 19 OTR at 356. The court held that Pacific Fisheries is not a "public corporation" within the meaning of ORS 307.090 and thus was not entitled to an exemption. *Id.* at 355. The Tax Court entered judgment in favor of the county, *id.* at 356, and Pacific Fisheries appealed to this court.

ORS 307.112(1) provides that, if a property owner leases property to a public body (other than the State of Oregon) and if the public body qualifies for a tax exemption under ORS 307.090, then the owner is not subject to property tax on the leased property.[2] ORS 307.090(1) identifies which public bodies are eligible for a tax exemption. It provides:

> "Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities and all other public or

---

[2] ORS 307.112(1) provides, in part:

"Real or personal property of a taxable owner held under lease, sublease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, granted exemption or the right to claim exemption for any of its property under ORS 307.090 * * * is exempt from taxation * * *."

municipal corporations in this state, is exempt from taxation."

In this case, the county does not argue that the property Pacific Fisheries leased does not constitute "public or corporate property used or intended for corporate purposes." Rather, it argues that Pacific Fisheries is not one of the entities listed in the statute whose property is exempt from taxation. Specifically, it contends that Pacific Fisheries is not a "public * * * corporatio[n] in this state." Pacific Fisheries, for its part, does not argue that it is one of the other listed entities, and the question in this case accordingly reduces to two issues: whether Pacific Fisheries is a "public corporation" and, if it is, whether it is a public corporation "in this state."

The Tax Court concluded that Pacific Fisheries is not a public corporation. *Pacific States Marine Fisheries*, 19 OTR at 355. While noting that there is no " 'unified field theory' on this matter," the court reasoned that the interstate compact creating Pacific Fisheries does not refer to it as a "corporation" but refers to it instead as a "commission." *Id.* at 354-55. The court noted that some statutes differentiate between incorporated and unincorporated associations and observed that other regional compacts use the word "corporation" in their authorizing statutes. *Id.* Relying on the omission of the word "corporation" from the interstate compact creating Pacific Fisheries, the Tax Court upheld the county's ruling denying the exemption. *Id.* at 355.

On appeal, the county adopts the Tax Court's reasoning and argues that the interstate compact's failure to designate Pacific Fisheries as either a corporation or a body corporate precludes it from being a "public corporation." Pacific Fisheries responds that a public corporation does not need to be designated as a "corporation" by statute to qualify as a public corporation within the meaning of the exemption. Pacific Fisheries proposes that the term "public corporation," as used in ORS 307.090, is broader than the narrow interpretation given to it by the Tax Court and includes any "distinct legal and perpetual entity that was created for public or governmental purposes."

In analyzing the parties' arguments, we begin with the issue on which the Tax Court's decision turns and that the county advances in support of that decision—whether the interstate compact's failure to refer to Pacific Fisheries as a corporation or body corporate precludes it from being a public corporation. The county's argument in that regard is inconsistent with a long line of cases from this court. In 1881, this court explained that, although such a designation is one indicia of corporate existence, it is not dispositive. *Dunn v. State University*, 9 Or 357, 361 (1881) ("It is true the legislature has not declared [the board of directors of the University of Oregon] to be a corporation in express terms, but this was not essential."). The court made essentially the same point more than 100 years later in *State ex rel Eckles v. Woolley*, 302 Or 37, 46, 49, 726 P2d 918 (1986), when it held that SAIF Corporation, although denominated by statute as an " 'independent' corporation," is not the type of corporation to which Article XI, section 2, of the Oregon Constitution applies.[3]

If, as this court has held, the failure to designate an entity as a public corporation is not dispositive, the question that remains is what are the attributes of a public corporation. On that point, the court explained in *Eckles* that "[t]he concept of a 'public corporation' covers a wide variety of institutions in this country as well as abroad." 302 Or at 47. The court also recognized in *Eckles* that our opinions characterizing or declining to characterize various entities as public corporations have to be considered in the specific legal context in which they arose. *Id.* at 45. As this court explained, the question whether an entity is a corporation for the purposes of one rule "says little about whether [it] is a 'corporation' within the meaning of some unrelated rule." *Id.*

In accord with *Eckles*, we conclude that the phrase "public corporation," considered in the abstract, is broad enough to include Pacific Fisheries. However, considering that phrase in the context in which the legislature used it in ORS 307.090, we conclude that Pacific Fisheries is not the type of public corporation that the legislature intended to

---

[3] Article XI, section 2, provides, in part, that "[c]orporations may be formed under general laws, but shall not be created by the Legislative Assembly by special laws."

exempt from taxation. We begin with the question whether Pacific Fisheries is a public corporation at all before turning to the question whether it is the specific type of public corporation that is eligible for a tax exemption under ORS 307.090.

The phrase " 'public corporation' was used as a generic term" in early Oregon statutes, *Eckles*, 302 Or at 40 n 2, and has been part of Oregon's tax law since 1910, *see* Lord's Oregon Laws, title XXVIII, ch III, § 3554 (1910) (using that phrase). A contemporaneous legal dictionary defined a "corporation" as "[a] body, consisting of one or more natural persons, established by law, usually for some specific purpose, and continued by a succession of members." John Bouvier, 1 *Law Dictionary* 406 (15th ed 1890). And it defined a "public corporation" as "those [corporations] which are exclusively instruments of the public interest." *Id.*

The traditional distinction between corporations and unincorporated bodies is that corporations are independent legal entities; they can sue and be sued, enter into contracts, and have a perpetual existence. *See, e.g.*, William Blackstone, 1 *Commentaries on the Laws of England* 463 (1765) (including those powers of corporations among others). In *Dunn*, this court relied on those attributes to conclude that the board of directors of the University of Oregon was a public corporation even though the legislature had not designated it as such. *See* 9 Or at 361 (explaining that the board's authority to accept title to land and "to transmit title to lands to their successors in office in perpetual succession" could be exercised only by a corporate entity, leading the court to conclude that the board was such an entity).[4] Corporations are not confined to "private" or profit-seeking entities, and many of the early examples of corporations were governmental entities. Blackstone, 1 *Commentaries* at 458-59 ("The king * * * is made a corporation to prevent in general the possibility of an *interregnum* or vacancy of the throne, and to

---

[4] Later decisions have divided over whether *Dunn* correctly decided that the board of directors was a public corporation; more specifically, some decisions questioned whether the board was a state agency rather than an independent corporate entity. *See State ex rel Kleinsorge v. Reid*, 221 Or 558, 566-70, 352 P2d 466 (1960) (summarizing cases). There is no claim that Pacific Fisheries is a state agency, and the concern that led some of this court's later decisions to question the result in *Dunn* is absent here.

preserve the possessions of the crown entire * * *. Other lay corporations are erected for the good government of a town or particular district, as a mayor and commonalty, bailiff and burgesses, or the like * * *."). Perhaps for that reason, the United States and its individual states have been described as corporations. *See United States v. Perkins*, 163 US 625, 631, 16 S Ct 1073, 41 L Ed 287 (1896) (describing the United States as "a purely political or governmental corporation"); Eugene McQuillin, 1 *The Law of Municipal Corporations* § 2.03.30 (3d ed 1999) ("Indeed, the view has been expressed that it cannot be doubted that a state is a corporation.").[5]

Applying those principles, we conclude that Pacific Fisheries qualifies as a public corporation. There is no dispute that Pacific Fisheries serves a public, rather than a private, profit-making purpose, and we conclude that Pacific Fisheries possesses the attributes of a corporation. It has an independent legal existence: Pacific Fisheries may enter into contracts, such as the lease at issue in this case, and may sue and be sued in its own name. *See* ORS 507.040 art V (authorizing Pacific Fisheries to establish and maintain offices); *Colbert v. Pacific Fisheries Marine Fisheries*, 124 Wash App 821, 104 P3d 17 (2004) (holding that Pacific Fisheries can be sued in state court). Moreover, Pacific Fisheries continues to exist until the states that entered into the compact withdraw from it. *See* ORS 507.040 art XI (so providing). Finally, no one state exercises control over Pacific Fisheries; each state is simply one voice among others on the commission. For those reasons, Pacific Fisheries qualifies as a public corporation.

■     Our conclusion that Pacific Fisheries is a public corporation does not end the inquiry, however. We also must

---

[5] McQuillin explains that a state is a public corporation largely because it operates as an independent entity:

"A state does not come within the literal terms of any commonly employed definition of the word 'corporation.' But when viewed in the larger sense, states have continuous existence, a name, may sue and, under certain circumstances, may be sued. They have political powers of legislation and administration applying to the area of their jurisdiction, and they derive their existence and all their powers from the people, from whom comes also the authority of legislatures to create private and municipal corporations."

McQuillin, 1 *Municipal Corporations* § 2.03.30.

determine whether Pacific Fisheries is the type of public corporation that qualifies for a tax exemption. The county argues that, even if Pacific Fisheries "is a corporate entity for some purposes, it is not a 'public corporation' for purposes of ORS 307.090." Relying on the principle of *ejusdem generis*, the county argues that Pacific Fisheries is not of the same general nature or class as the other entities listed in ORS 307.090 and thus does not fall within the meaning of "public corporation" as used in the statute. Specifically, the county argues that all the entities listed in the statute are political subdivisions of the state, have distinct boundaries within the state, are formed to assist local government, and are subject to control by the State of Oregon. Pacific Fisheries, in contrast, is not a political subdivision of Oregon and is not subject to the control of the State of Oregon.

We begin our analysis of that issue with the words of ORS 307.090. As noted, that statute exempts "all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities and all other public or municipal corporations in this state." ORS 307.090 contains two limitations on the type of corporate entities that will qualify for a tax exemption. The first limitation is found in the participial phrase "in this state." Only "public * * * corporations in this state" qualify for a tax exemption.[6]

The phrase "in this state" dates back to the original version of ORS 307.090(1), which was part of the Deady Code and which exempted from property taxation "[a]ll public or corporate property of the several counties, cities, villages,

---

[6] Grammatically, the phrase "in this state" could modify "property" or the entities listed in the statute. We conclude that the phrase modifies and thus limits the listed entities for two reasons. First, ORS 307.030(1) provides that "[a]ll real property *within this* state * * * shall be subject to assessment and taxation * * *[.]" (emphasis added). If the phrase "in this state" in ORS 307.090 modified "property," it would add nothing to that statute and be mere surplusage. *See State v. K. P.*, 324 Or 1, 8, 921 P2d 380 (1996) (noting that this court must attempt to give meaning to all of the words of a statute). Moreover, the phrase "in this state" follows the list of entities eligible for a tax exemption, making it likely that the phrase applies to those entities, not the word property, which appears at the beginning of ORS 307.090. *See State v. Webb*, 324 Or 380, 386, 927 P2d 79 (1996) (describing the rule of the last antecedent).

towns and school districts in this state." General Laws of Oregon, ch LIII, title I, § 4, p 894 (Deady 1845-1864). As used initially, the phrase "in this state" appears simply to have been synonymous with "Oregon"; for example, "counties * * * in this state" referred to Oregon counties. What is telling, however, is that the phrase that the legislature has used in ORS 307.090(1) and its predecessor statutes—"in this state"—relies on the geographic relationship between the listed entities and the state to identify which entities were entitled to a tax exemption.

In 1945, the legislature expanded the list of exempt entities to include "irrigation districts, drainage districts, ports, water districts and all other public or municipal corporations in this state." Or Laws 1945, ch 296, § 1. For the most part, the entities that the legislature added in 1945 share the same characteristics as the entities listed in the Deady Code. Irrigation districts, drainage districts, water districts, and municipal corporations in this state refer to entities whose geographic boundaries are in Oregon and that serve geographic areas primarily within the state. They are, in a word, "Oregon" entities.

The addition of "public * * * corporations" to the list poses a slightly more complex issue because some public corporations may not have distinct geographic boundaries in the same way that a city, county, school district, or municipal corporation does. Cf. *Eckles*, 302 Or at 49 (holding that SAIF is a public corporation). The legislature, however, imposed the same "in this state" limitation on public corporations that it imposed on the specific entities listed in ORS 307.090, which suggests that the legislature intended to impose a comparable limitation on public corporations. It follows that, even though public corporations may not have distinct geographic boundaries, the phrase "in this state" appears to limit the tax exemption to public corporations that serve geographic areas primarily within the state.

The second limitation sheds light on the first. A list of specific entities precedes the phrase "all *other* public * * * corporations." ORS 307.090 (emphasis added). Ordinarily, we assume that a nonspecific term in a series, such as "all other public * * * corporations," shares the same qualities as

the specific terms that precede it. *See Liberty v. State Dept. of Transportation*, 342 Or 11, 20, 148 P3d 909 (2006) (describing *ejusdem generis* rule). The legislature's use of that drafting device suggests that, at a minimum, the tax exemption extends only to those public corporations that, like the entities that precede it, serve geographic areas primarily "in this state." There may be other shared characteristics inherent in the specific entities that precede the phrase "all other public * * * corporations" and that place further limits on the types of public corporations that are entitled to a tax exemption, but we need go no further than that one characteristic—the geographic area that the entity serves—to resolve this case.

As noted above, Pacific Fisheries is the creature of an interstate compact. It is not an Oregon public corporation. The geographic area it serves is not limited primarily to the State of Oregon; rather, under the terms of the interstate compact, it represents and serves a multistate area. The interests and geographic area served by Pacific Fisheries are regional, and Pacific Fisheries cannot be considered to be confined geographically within the State of Oregon. An organization that was created by and includes other states, is controlled by a board with equal representation from each state, and is charged with advising the several governments on issues concerning the region as a whole, is not "in this state" within the meaning of ORS 307.090(1). It follows that Pacific Fisheries is not entitled to a property tax exemption under ORS 307.090 and that the county correctly denied Pacific Fisheries' application for a tax exemption.[7]

The judgment of the Tax Court is affirmed.

_____

[7] The state could, of course, exempt Pacific Fisheries from property tax if it chose to do so. But, as the statutes are currently written, Pacific Fisheries is not eligible for an exemption.