No. 34          September 11, 2013          269

IN THE OREGON TAX COURT
REGULAR DIVISION


THE CITY OF SEATTLE,
a municipal corporation of the State of Washington,
acting by and through its City Light Department,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4946 & TC 4957)


CITY OF TACOMA,
a municipal corporation of the State of Washington,
acting by and through its
Department of Public Utilities, Light Division
dba Tacoma Power,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4958)


PUBLIC UTILITY DISTRICT NO. 1
OF SNOHOMISH COUNTY, WASHINGTON,
a municipal corporation of the State of Washington,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4959)


Plaintiffs (taxpayers) requested a declaratory judgment as to property tax assessed from an Oregon legislative scheme under which municipal corporations and public utility districts that are parties to certain agreements are subject to taxation but Oregon municipalities are not. Granting Defendant (the department)'s cross-motion for summary judgment, the court ruled that within the region, the provisions of the federal statutes that form the foundation of electric power in the region contain a "preference clause" under which the types of governmental entities such as taxpayers in this case were contemplated and actively encouraged. Further, it is settled law that if one state should own property located in another state, that property is held subject to the laws of the latter state and

to all the incidents of private ownership, therefore the Oregon statutes at issue do not, on their face, violate the Commerce Clause by being discriminatory in respect of interstate commerce.

Oral argument on cross-motions for summary judgment was held by telephone on June 25, 2013.

Gregory A. Chaimov, Davis Wright Tremaine LLP, Portland, and Gregory C. Narver, Assistant City Attorney, Seattle, filed the motion and argued the cause for Plaintiffs (taxpayers).

Melisse S. Cunningham, Senior Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant (the department).

Decision for Defendant rendered September 11, 2013.

**HENRY C. BREITHAUPT, Judge.**

### I.   INTRODUCTION

This matter is before the court on a second set of cross-motions for summary judgment. Oral argument on this matter was held June 25, 2013. Plaintiffs' motion to allow submission of post-hearing statements was denied.

### II.   FACTS

Plaintiffs (taxpayers) are municipal corporations created under the law of the State of Washington and generally operating within Washington. Each of the taxpayers entered into agreements with the Bonneville Power Administration (BPA) pursuant to which each taxpayer obtained the right to transmit power on the transmission system operated by BPA. The parties agreed at the hearing on this matter that those agreements (each referred to as a Capacity Ownership Agreement or COA) are in all material respects identical to the agreements at issue in *Power Resources Cooperative v. Dept. of Rev.*, 330 Or 24, 996 P2d 969 (2000) (*Power Resources*).

Previously, Defendant Department of Revenue (the department) sought to extend the holding of *Power Resources* to these taxpayers and collect from them property tax in respect of the property interest in Oregon that

they possessed by reason of the COAs. *See PUD No. 1 of Snohomish County I v. Dept. of Rev.*, 17 OTR 290 (2004) (*Snohomish I*). In *Snohomish I*, this court decided that municipalities and public utility districts formed in the state of Washington were not "public or municipal corporations in this state" as those terms are used in ORS 307.090 and therefore the property of such entities was not, under that statute, exempt from Oregon property tax.

That litigation ended, however, before other issues had been addressed by this court. This was due to Or Laws 2005 ch 832, a statute amending ORS 307.090 that exempted foreign municipal corporations from property taxation in respect of COAs.

The exemption accomplished under the 2005 legislation was again the subject of legislative consideration in 2009. In that year, Senate Bill 495 (SB 495) was introduced in the Oregon Senate. As introduced, it would have broadened the exemption established in 2005 so as to have it apply to electric cooperatives. After passage in the Oregon Senate, SB 495 proceeded to the Oregon House of Representatives, where it was subjected to a "gut and stuff" procedure. The expanded exemption provisions were "gutted" and in their place were "stuffed" provisions repealing the exemptions adopted in 2005. As so altered, the bill was passed by the Oregon House of Representatives and returned to the Senate, which concurred with the changes made in the House and passed the bill. SB 495, as amended by the House and passed by both legislative chambers was then signed by the Governor.

After this legislative action in 2009, the present taxpayers renewed their challenge to the Oregon legislative scheme under which municipal corporations and public utility districts that are parties to COAs are subject to taxation but Oregon municipalities are not subject to taxation. The first challenge addressed by this court was as to the legislative procedure followed by the 2009 Oregon Legislature. That challenge was unsuccessful. *See City of Seattle I v. Dept. of Rev.*, 20 OTR 408 (2011).

Taxpayers now renew other challenges to the system of taxation in place after the 2009 legislation. Specifically,

for the purposes of preserving their position, taxpayers assert that *Power Resources* was wrongly decided.

Taxpayers also claim that the consequence of the amendment to ORS 307.090 by the 2009 legislature is that the Oregon system of taxation, as to COAs in which they or other out-of-state municipal or government entities are parties, is facially unconstitutional under Article I, section 8, clause 3 of the Constitution of the United States (the Commerce Clause).

Taxpayers have withdrawn other challenges originally pleaded and have not asked this court to reconsider its decision in *Snohomish I* as to the application of ORS 307.090.[1]

The department has responded with a cross-motion for summary judgment. It asserts that the COAs to which taxpayers are parties are subject to taxation either under the teaching of *Power Resources* or under the teaching of *Pacificorp Power Marketing v. Dept. of Rev.*, 340 Or 204, 131 P3d 725 (2006) (*PPM Marketing*) by reason of the provisions of ORS 308.505 to 308.565 (the central assessment statutes). The department also asserts that the Oregon statutory scheme is not facially unconstitutional under the Commerce Clause.

In the prior proceedings in this case, the record was not clear as to whether the COAs to which taxpayers are parties were comparable or identical to the provisions of agreements to which the City of Eugene and the federal government are parties. The record now includes the provisions of the agreement to which the City of Eugene is a party and so, if relevant, the comparability of the agreements can be determined.

### III.   ISSUES

The first issue presented is whether taxpayers are taxable in respect of the COAs. The second issue is if taxpayers are taxable in respect of such contract rights, are the Oregon property taxation statutes resulting in such taxation facially unconstitutional under the Commerce Clause.

---

[1] As to the proper reading of ORS 307.090 with respect to "corporations in this state" see also *Pacific States Marine Fisheries v. Dept. of Rev.*, 346 Or 117, 125-27, 206 P3d 1037 (2009).

## IV.   ANALYSIS

*Power Resources* controls as to whether the contract relationships under the COAs result in taxpayers having property taxable in this state. It may be that the decision in *PPM Marketing* also can be applied to reach the same result under the central assessment statutes. However, the court need not, and does not reach that issue in this order.

As to whether taxpayers have the benefit of the provisions of ORS 307.090 in its former and current form, the court adheres to its decision in *Snohomish I*, both for the reasons stated therein and on the basis of the teaching of *Pacific States Marine Fisheries v. Dept. of Rev.*, 346 Or 117, 206 P3d 1037 (2009).

What remains then is the question of the facial constitutionality of the result that Washington municipalities and public utility districts are subject to property taxation by reason of COAs whereas Oregon municipalities and public utility districts are not subject to taxation.[2] The constitutional question under the Commerce Clause may be resolved by looking to the decisions of the United States Supreme Court that have dealt with situations in which states or their political subdivisions are subject to more favorable treatment than other participants in a market. It is not necessary to resolve the question of whether the contract rights and obligations of taxpayers under their COAs are constitutionally comparable to the rights and obligations of parties to the contracts that have been put into the record as being contracts to which one Oregon municipality is a party. For purposes of this order, the court assumes that the provisions of the two types of contracts, which are in fact different, are constitutionally comparable for purposes of applying the limitations of the Commerce Clause.

The primary limitation to which taxpayers point is, of course, that states may not treat out-of-state commercial actors less favorably than in state commercial actors—they may not engage in commercial chauvinism. *New Energy Co.*

---

[2] The department has argued that the position of the public utility district taxpayer here is not well taken for the reason that Oregon public utility districts are, in fact, taxable to the same extent as their counterparts in Washington. Given the basis of this opinion, the court need not resolve that argument.

*v. Limbach*, 486 US 269, 274-75, 108 S Ct 1803, 100 L Ed 2d 302 (1988).

There is a well developed exception to the doctrine disallowing more favorable treatment of in-state interests. That exception is that when the state, or a political subdivision of a state, is itself a market participant, favorable treatment is permitted.[3] *Reeves, Inc. v. Stake*, 447 US 429, 436-37, 100 S Ct 2271, 65 L Ed 2d 244 (1980). As the United States Supreme Court stated in *Department of Revenue of Kentucky v. Davis*, 553 US 328, 343, 128 S Ct 1801, 170 L Ed 2d 685 (2008) (*Kentucky*), tax exemptions favoring "a traditional government function without any differential treatment favoring local [private] entities over substantially similar out-of-state interests" do not discriminate against interstate commerce. *Kentucky*, 553 US at 343.

The court is of the opinion that, at least in the Pacific Northwest, the provision of electricity to citizens is a traditional government function. The government function aspect is conclusively demonstrated by the very status of taxpayers as government subdivisions. This is, of course, a reflection of the particular role of electric power in the development of the region and the participation of governmental entities in the acquisition, transmission and distribution of electric energy. The court takes judicial notice of the provisions of the federal statutes that form the foundation of electric power reality in this region. From the beginning, those statues contained a "preference clause" under which the very types of governmental entities being discussed in this case were not only contemplated, but actively encouraged. *See* 16 USC § 832c.

It is also settled law that if one state should own property located in another state, that property is held subject to the laws of the latter state and to all the incidents of private ownership. *State of Georgia v. City of Chattanooga*, 264 US 472, 44 S Ct 369, 68 L Ed 796 (1924).

The Oregon statutes at issue in this case do not, on their face, violate the Commerce Clause by being

---

[3] All parties at the hearing on these motions agreed that the doctrines at issue apply to political subdivisions as well as states themselves.

discriminatory in respect of interstate commerce. No further inquiry is necessary as to the balance of public interest and alternative but less discriminatory alternative treatment of those affected by the law.

## V.   CONCLUSION

For the foregoing reasons, the motion of the department is granted and the motion of taxpayers is denied.

Counsel for the department is directed to prepare an appropriate form of judgment. Now, therefore,

IT IS ORDERED that Defendant's Cross-Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment is denied.