IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

OREGON SCHOOL BOARDS   )
ASSOCIATION,      )
           )
   Plaintiff,     )  TC-MD 140323D
           )
   v.       )
           )
MARION COUNTY ASSESSOR,  )
           )
   Defendant.    )  **ORDER**

This matter is before the court on the parties' cross-motions for summary judgment. On July 15, 2014, Plaintiff appealed Defendant's denial of property tax exemption for property identified as Account R87795 (subject property) for the 2014-15 tax year. The parties filed stipulated facts on October 15, 2014. Plaintiff filed its Motion for Summary Judgment on October 31, 2014. Defendant filed its Motion for Summary Judgment on November 3, 2014. Plaintiff filed its Response to Defendant's Motion for Summary Judgment (Plaintiff's Response) on December 3, 2014. Defendant filed its Response to Plaintiff's Motion for Summary Judgment (Defendant's Response) on December 4, 2014. Plaintiff filed its Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment (Plaintiff's Reply) on December 17, 2014. Defendant filed its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Defendant's Reply) on December 19, 2014. Neither party requested oral argument.

I. STATEMENT OF FACTS

Plaintiff is an unincorporated nonprofit association of school boards composed of "196 K-12 school districts, 17 community colleges, 19 education service districts, 87 public charter schools and the State Board of Education." (Parties' Fact Stip at ¶¶ 1, 5.) "[A]ll public school boards in the state are eligible for membership * * * and shall automatically become members

upon payment of dues." (Parties' Fact Stip at ¶ 6.) "School boards delinquent in payment of dues shall no longer be deemed a member and membership will be terminated * * *." (*Id.*, Ex A at 4.) Plaintiff's constitution contains an article of dissolution. (*Id.*, Ex A at 13.) "Upon dissolution of [Plaintiff], Article 14 of [its] Constitution requires all remaining funds * * * to be distributed to one or more of [Plaintiff's] members." (*Id.* at ¶ 9.) According to Plaintiff's constitution, "[a] majority vote shall be required for resolutions submitted to the membership[;] [e]ach member board shall have one vote on all resolutions except" that each may have additional votes based on its "resident Average Daily Membership." (*Id.*, Ex A at 4, 12.) "[T]he funds of [Plaintiff] may be used only to accomplish the purposes described in [its] Constitution * * *[,] each of which directly or indirectly benefits [Plaintiff's] members." (*Id.* at ¶ 8.) Plaintiff's stated purposes are:

"a. to work for the general advancement and improvement of the education of all youth of the State of Oregon;

"b. to gather and disseminate information pertinent to the successful operation of public school;

"c. to work for the most efficient and effective organization of public schools of this state. Public Schools include local school districts, education service districts and community colleges;

"d. to work for adequate and dependable financial support for the public schools of this state;

"e. to study all legislation which affects the public schools of Oregon and to support and work for that which appears to be desirable and to keep members informed thereof. To propose and work for the enactment of proper educational legislation;

"f. to cooperate and work with persons and organizations genuinely interested in public education;

"g. to encourage the establishment and maintenance of high standards in the conduct and operation of the educational endeavor;

"h.  to study and interpret educational programs and to relate them to the needs of pupils;

"i.   to promote public understanding of the role of school boards and school board members in the improvement of education;

"j.   to conduct, independently or in cooperation with others, seminars, conferences, courses and research projects in the various aspects of education;

"k.   to endeavor to implement the policies, beliefs and resolutions of the association.

"l.   to do such other things as the member boards or board of directors may deem appropriate for the accomplishment of these and other purposes which tend to improve education;

"m.  to provide such direct services to member districts and their board members as may be appropriate and authorized by the board of directors of the association;

"n.   to enter into such cooperative agreement with member districts for the pooling of resources as may result in the more efficient utilization of district resources and accrue to their financial advantage."

(Parties' Fact Stip at ¶ 4.)  Plaintiff's constitution gives its board of directors the duties to "carry on the necessary business of the association"; "employ a salaried executive director"; "fill all vacancies in any office"; and "to rent, lease, purchase, receive and hold property, both real and personal, and may lease, sell or otherwise dispose of the same." (*Id.*, Ex A at 5-6.)  Plaintiff was sued in federal court.  (*See* Ptf's Mot Summ J, Miller-Jones Decl; *see also* Def's Resp at 3.)

Plaintiff purchased the subject property on August 30, 2013.  (Parties' Fact Stip at ¶ 18.)  The parties stipulated that "[t]he subject property is owned solely by [Plaintiff] and is maintained for the same purposes as the property previously exempted from property taxes." (Parties' Fact Stip at ¶ 19.)  Plaintiff filed an application with the Marion County Assessor on approximately March 26, 2014, seeking a property tax

exemption for the subject property.  (*Id.*, Ex G.)  Plaintiff stated that the subject property

"will be used to provide additional parking for [Plaintiff's] member School Districts,

ESD's, and Community College's for when [it] hold[s] events at the Local Government

Center."  (Ptf's Compl at 4; *see also* Ptf's Mot Summ J, Robison Decl at ¶ 9.  By letter

dated June 16, 2014, Defendant denied Plaintiff's application for exemption pursuant to

ORS 307.090, "on the basis that: 1. Plaintiff is not itself a 'school district;' 2. Plaintiff is

not a 'public or municipal corporation' because it is organized for the benefit of its

members; and 3. Plaintiff is not organized as a corporation."  (Def's Mot Summ J at 2.)

## II. ANALYSIS

The issue before the court is whether Plaintiff is a qualified organization that owns and

uses property that meets the statutory requirements of ORS 307.090 entitling the property for

property tax exemption for the 2014-15 tax year.[1]  The parties filed cross-motions for summary

judgment.  The standard for summary judgment is provided by Tax Court Rule (TCR) 47, which

states, in pertinent part:

> "The court shall grant the motion if the pleadings, depositions, affidavits,
> declarations, and admissions on file show that there is no genuine issue as to any
> material fact and that the moving party is entitled to prevail as a matter of law.
> No genuine issue as to a material fact exists if, based upon the record before the
> court viewed in a manner most favorable to the adverse party, no objectively
> reasonable juror could return a verdict for the adverse party on the matter that is
> the subject of the motion for summary judgment."[2]

The court recognizes that, "as a matter of general policy, the legislature has provided that

all real and personal property within this state is subject to assessment and taxation, 'except as

---

[1] The court's references to the Oregon Revised Statutes are to 2011 because the 2013 statutes include amendments by 2013 Oregon Laws chapter 768, section 125, which became effective  July 1, 2014.

[2] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states, in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division may be used as a guide to the extent relevant."

otherwise provided by law,' ORS 307.030." *White City Water System v. Dept. of Rev.*, 285 Or 255, 259, 590 P2d 724 (1979). "Taxation is the rule and exemption from taxation is the exception." *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev.*, 301 Or 423, 426, 723 P2d 320, 321 (1986).

ORS 307.090(1) provides, in pertinent part:

"[A]ll public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities and all other public or municipal corporations in this state, is exempt from taxation."

Plaintiff must be a "public or municipal corporation" and must "use or intend" the subject property "for corporate purposes" in order to qualify for tax exemption. Defendant did not dispute that Plaintiff's use or intended use the subject property as a parking lot for its members served a corporate purpose. (*See* Parties' Fact Stip at ¶ 19.)

"ORS 307.090(1) does not define the term 'public' or 'municipal' corporation." *Special Districts Ass'n of Oregon v. Washington County Assessor*, TC-MD 050661D, WL 167462 at *2 (2006). A public corporation is "a corporation formed for the public's benefit or for a public purpose." *Shasta View Irrigation Dist. v. Amoco Chemicals*, 329 Or 151, 157, 986 P2d 536 (1999) (citing *State ex rel Eckles v. Woolley*, 302 Or 37, 48-49, 726 P2d 918 (1986)). The Oregon Supreme Court analyzed several factors in determining whether an entity was a "public corporation" under ORS 307.090, including whether the entity: (1) "serves a public, rather than a private, profit-making purpose"; (2) "has an independent legal existence" such that it has a perpetual existence, "may enter into contracts * * * and may sue and be sued in its own name"; and (3) has any member that can exercise control, or if each member is "simply one voice among others." *Pacific States Marine Fisheries v. Dept. of Rev.* (*Pacific Fisheries*), 346 Or 117, 124, 206 P3d 1037 (2009).

1.    *Membership Control*

The parties agree that none of Plaintiff's members may exercise control of the unincorporated association. Plaintiff's voting structure allows one vote per member, except school districts with larger resident Average Daily Membership are allocated more votes. Plaintiff's voting structure does not allow any member to exercise control of the unincorporated association, meeting the membership control standard stated in *Pacific Fisheries*.

2.    *Independent Legal Existence as a Corporation*

The parties dispute whether Plaintiff is a corporation. (Def's Resp at 1-4; Ptf's Reply at 1-2.) Corporations are "bod[ies], consisting of one or more natural persons, established by law, usually for some specific purpose, and continued by a succession of members." *Pacific Fisheries*, 346 Or at 123 (quoting John Bouvier, 1 *Law Dictionary* 406 (15th ed 1890)). "[C]orporations are independent legal entities; they can sue and be sued, enter into contracts, and have a perpetual existence." *Id*. Plaintiff stated that it is "a corporation because ORS 332.105(2) authorizes (e.g. legally creates) an Association of School Boards which [Plaintiff] is the only one." (Ptf's Reply at 1.) Plaintiff also stated its "[c]onstitution provides evidence of its authority to buy and sell property, its perpetual existence through its representative process, distribution of assets back to the local governmental entities which are its members upon the [Plaintiff's] dissolution[,] and the declaration of Miller-Jones establishes [Plaintiff] can sue and be sued." (Ptf's Mot Summ J at 4 (citations omitted).) Defendant stated that "Plaintiff's problem is that it is not any kind of organization recognized under Oregon law." (Def's Reply at 1 (emphasis omitted).) Defendant also stated that the difference between entities found by the Oregon Supreme Court to be public corporations and Plaintiff is that:

"[T]he claimed attributes of a corporation are not found in Oregon law – they are found in [Plaintiff's] constitution or (in the case of suing and being sued) in the

fact that [Plaintiff] was sued in federal court. [Plaintiff's] constitution does not have the force of law – it is a voluntary agreement among member entities that is not codified * * * and is not sanctioned by some statutorily defined form of organization * * *."

(Def's Resp at 3.)

Defendant's challenge is without merit. Plaintiff is an unincorporated association. ORS 332.105(2) states in part that "[t]he district school board may participate in the activities of and may become members of associations of school boards." ORS 332.105(2) gives Plaintiff statutory authority to exist. Pursuant to Plaintiff's constitution, Plaintiff continues to exist until all of its members withdraw from it or the members dissolve the association. It has a perpetual existence through its representative process, and, if dissolved, its assets are distributed to local government entities. Tax Court Rule (TCR) 26 B, states that "[a]ny partnership or other *unincorporated association*, whether organized for profit or not, *may sue in any name which it has assumed and be sued in any name which it has assumed or by which it is known.*" (Emphasis added). TCR 26 B gives Plaintiff authority to sue and be sued in the Oregon Tax Court. Plaintiff has been sued in federal court. Plaintiff's constitution gives its board of directors the duty to "carry on the necessary business of the association," which would include suing and defending suits. (Parties' Fact Stip, Ex A at 5-6.) Plaintiff's constitution gives its board of directors the power to enter into employment contracts and contracts regarding real and personal property. (*Id.*) Because Plaintiff is established by law, may enter into contracts, sue and be sued in its own name, and has a perpetual existence, the court finds that Plaintiff is a corporation for the purposes of ORS 307.090(1).

3. *Public Purpose*

Having concluded that Plaintiff is a corporation, the remaining issue is whether Plaintiff is a *public* corporation. The record is not sufficiently developed for the court to conclude

whether Plaintiff is a public corporation pursuant to ORS 307.090. The parties stipulated to Plaintiff's intended purposes, but contest whether Plaintiff actually serves a public purpose. (Parties' Fact Stip at ¶ 4; *compare* Ptf's Mot Summ J at 4 *with* Def's Mot Summ J at 5, 7.) The parties will have an opportunity to present evidence on the sole issue of how, and to what extent, Plaintiff serves a public purpose.

### III. CONCLUSION

Having considered the parties' cross-motions for summary judgment, the court finds they must be denied. No later than 21 days (postmarked) from the date of this Order, the parties shall submit to the court three mutually convenient trial dates to present evidence on the sole issue of how, and to what extent, Plaintiff serves a public purpose. Failure to comply will result in the court scheduling a trial at its own convenience. Now, therefore,

IT IS ORDERED that the parties' cross-motions for summary judgment are denied.

IT IS FURTHER ORDERED that, no later than 21 days (postmarked) from the date of this Order, the parties shall submit to the court three mutually convenient trial dates to present evidence on the sole issue of how, and to what extent, Plaintiff serves a public purpose.

IT IS FURTHER ORDERED that failure to comply with this Order will result in the court scheduling a trial at its own convenience.

Dated this ____ day of February 2015.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

*This document was signed by Presiding Magistrate Jill A. Tanner on February 3, 2015.  The court filed and entered this document on February 3, 2015.*