Argued March 12, affirmed April 16, rehearing denied May 28, 1929.

SIDNEY S. MOHLER ET Ux. *v.* THE FISH COM-MISSION OF THE STATE OF OREGON..

(276 Pac. 691.)

For appellants there was a brief and oral argument by *Mr. Isham N. Smith.*

For respondents there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Willis S. Moore,* Assistant Attorney General.

BELT, J.—This is an action to recover the reasonable rental value of certain real premises on Herman Creek in Hood River County, Oregon. It is, perhaps, the last chapter in the history of litigation relative to this land which has been pending in the

courts for several years. The property was leased for a period of five years to the State Board of Fish and Game Commissioners for salmon fish cultural purposes. This lease expired on December 31, 1919. Prior to its expiration the state, through the Fish Commissioners, instituted condemnation proceedings to acquire the land in controversy. In this action the jury awarded the plaintiff land owners $750 damages. Upon appeal by the plaintiffs herein this judgment was reversed for the reason that the property sought to be condemned had been withdrawn from appropriation by legislative enactment: *State ex rel.* v. *Hawk et al.*, 105 Or. 319 (208 Pac. 709, 209 Pac. 607). Upon amendment of the statute, General Laws of Oregon 1921, Chapter 105, power of eminent domain was extended so that land for fish cultural purposes could be obtained. Thereafter, on December 1, 1922, the State of Oregon, through the State Fish Commission, instituted a second action to appropriate the property in question. Damages were awarded plaintiffs herein in the sum of $5,000. Both parties appealed but the judgment was affirmed. *State* v. *Mohler et al.*, 115 Or. 562 (237 Pac. 690, 239 Pac. 193). In payment of the land appropriated, the state issued its warrant and the same was accepted by plaintiffs on December 11, 1925.

Plaintiffs then commenced this action to recover for the value of the use and occupation of the premises for the interval of time between the expiration of the lease on December 31, 1919, and the payment on December 11, 1925, for the land appropriated. The trial court, without the intervention of a jury made findings and entered judgment in favor of the defendants. Plaintiffs appeal.

■ On the former appeals in the condemnation proceedings it was held that the land was appropriated by the state and not by the Fish Commission. The state paid for the property and has title thereto. It would seem, therefore, that whatever damages, if any, plaintiff sustained by reason of the condemnation proceedings, were due to the act of the state. The Fish Commission is a mere agency of the state in the nature of a *quasi*-public corporation created by legislative enactment with certain delegated powers. It has never had any authority to appropriate private property for public use. While the Fish Commission is named as a party defendant, we are of opinion that the action is, to all intents and purposes, against the state. If judgment were obtained against the Fish Commission, it would, in reality, be a judgment against the state. As stated by Justice WOLVERTON in *Salem Mills Co. v. Lord,* 42 Or. 82 (69 Pac. 1033, 70 Pac. 832):

"The court will look behind and through the nominal parties to the record, and ascertain if possible who are the real parties to the controversy, and will be governed accordingly; and if it appear that the State, and not the individuals named on the record, is to be affected, it will stay its hand, and in no event, if it appear that the State is an indispensable party, will the relief be granted unless it submits to the jurisdiction: * * ."

The state has not given its consent to be sued: Art. IV, § 24, Constitution of Oregon.

We cannot see, under any theory, wherein plaintiffs would be entitled to recover for the use of the land appropriated for that period of time between the commencement of the second condemnation action and the acceptance of the state's warrant in pay-

ment for the land taken. Plaintiffs ask: '' * * suppose the state, having used Mohler's land for five years, would refuse to pay the judgment of condemnation and would vacate the lands. Would this court hold that the owner was remediless under those circumstances?'' This is an interesting question, but it has no relevancy to the facts in the instant case. We are not concerned with cases where there has been an abandonment of condemnation proceedings. The state has acted with diligence. Whatever delay has been occasioned has been due to protracted litigation for which plaintiffs are largely responsible. The damages sustained by reason of the appropriation of the land were assessed as of the date of the commencement of the second condemnation action on December 1, 1922: *State ex rel.* v. *Hawk et al., supra.*

■ ■ Having eliminated the Fish Commission as a party defendant, since, in reality, the state is the real party in interest, we next consider whether there is any liability as against the defendants Veatch, Eakin and Hayes, who plaintiffs say are being sued in their official capacity, although the caption of the complaint does not so indicate. Prior to the expiration of the lease, the plaintiffs notified the Fish Commission to surrender possession of the premises, but, as above stated, it refused to do so and proceedings were instituted to appropriate the land. Since there was no statutory authority to thus acquire this land, plaintiffs unquestionably were wrongfully deprived of the use of their land until the commencement of the second condemnation proceedings. The Fish Commissioners in wrongfully retaining possession of the land were not acting within the scope of their authority as such officers. Therefore, any liability which might attach would be against them

as individuals: 46 C. J. 1043; *Gearin* v. *Marion County*, 110 Or. 390 (223 Pac. 929). None of the defendants in this action were officers of the Fish Commission at the time plaintiffs were unlawfully deprived of the possession of their land. Eakin was appointed as commissioner in 1924 and Veatch and Hayes were appointed in 1925. It is well settled that public officers are not liable for the acts of their predecessors: 46 C. J. 1046. The defendants, not being officers at the time in question, it is unnecessary to construe Section 362, Or. L., upon which plaintiffs rely as authority for the maintenance of this action.

It follows that the judgment of the lower court is affirmed.           AFFIRMED.   REHEARING DENIED.

BEAN, BROWN and RAND, JJ., concur.