Argued March 21; affirmed April 17, 1934

PETTY *v.* HIBBS ET AL.

(31 P. (2d) 655)

L. E. *Lange,* of McMinnville, for appellant.

W. T. *Vinton* and *Eugene E. Marsh,* both of Mc-Minnville, for respondent.

ROSSMAN, J.  The complaint avers that October 30, 1928, one L. M. Derby, as vendor, and the two defendants, as vendees, executed a contract whereby the latter agreed to purchase "the North Half (1/2) of Lots Five (5) and Six (6) in Block One (1)  *  *  *"

at a price of $2,400, payable in installments of $25 a month; that, concurrently with the execution of the contract, Mrs. Derby executed a deed conveying these lots to the defendants and delivered it, together with the contract, into escrow accompanied with instructions to the escrow agent to deliver the deed to the defendants upon their complete performance of the covenants of the contract; that the contract provided: "(g) Should the said Mrs. L. M. Derby die before the final payments are made upon this contract, then such payments shall be made to E. E. Petty, and the said E. E. Petty shall in all respects and rights take over this contract and the emoluments thereof"; that it also provided: "The said L. M. Derby, her heirs or assigns, shall deliver to the said Glenn and Gladys Hibbs a good Warranty Deed together with the abstract of title to the tract of land"; that through mutual mistake the lots were erroneously described as "north half of lots one (1) and two (2)"; that the error was not discovered until the contract had been signed and "many payments" had been made; that upon the discovery of the error "L. M. Derby duly notified and informed the said defendants of such error and instructed them to correct such error on their copy of the contract, and the said L. M. Derby would do the same on her copy, and she would be sure that the error was likewise corrected in the warranty deed executed and signed at the same time that the contract was signed and executed, and whether or not the defendants corrected said error as aforesaid in their copy of the contract of sale as aforesaid, this plaintiff has no knowledge"; that in 1929 Mrs. Derby died and "her estate was duly probated"; that this plaintiff, a nephew of Mrs. Derby, is the E. E. Petty named in the contract; that "the same mutual error" made in the contract also occurred

in the drafting of the deed; that for three years after all the parties had full knowledge of the errors, and for nearly three years after the death of Mrs. Derby, the defendants continued to make payments upon the contract; that on March 15, 1932, the plaintiff and the defendants "entered into a tentative and mutual settlement and payment of the aforesaid contract and mutually withdrew from the said First National Bank of McMinnville, Oregon, the aforesaid contract and deed, and this plaintiff caused said clerical error in the said contract and warranty deed to be corrected and to read * * * and at the same time this plaintiff tendered to defendants a good and sufficient abstract of title in and to said premises, showing a good and marketable title in the said L. M. Derby; that this plaintiff then and there agreed and promised to place said deed so corrected, together with the original contract as corrected, together with the abstract of title as aforesaid, back in escrow into said First National Bank of McMinnville, Oregon, but defendants refused and now refuse to consent thereto".

Based upon an averment that the defendants, in conducting themselves as above, breached the contract, the plaintiff prays for strict foreclosure.

■■ It seems evident from the above that, since neither the written contract nor the deed, during the lifetime of Mrs. Derby, mentioned the lots, a description of which the plaintiff inserted in both of these instruments, these lots, upon the death of Mrs. Derby, descended to her heir or heirs. The complaint does not allege whether Mrs. Derby died testate or otherwise, nor whether this plaintiff was an heir, devisee or other beneficiary of her bounty, but, as we have said, the property now described in the contract and deed descended to Mrs. Derby's heirs, and the plaintiff, there-

fore, could not, without their consent, voluntary or exacted by a decree of the courts, insert these lots into the contract and deed. If the mistake averred in the complaint actually occurred in the drafting of these instruments, our laws afford a complete method of procedure whereby the two documents can be reformed so that they will recite the true intent of the parties, but that method does not contemplate that the plaintiff shall strike out some of Mrs. Derby's words and insert others over her signature. The above-quoted paragraph of the contract which provides that if Mrs. Derby should die before the delivery of the deed to the defendants, "then such payments shall be made to E. E. Petty, and the said E. E. Petty shall in all respects and rights take over this contract and the emoluments thereof" does not convey the lots to the plaintiff; it merely entitles him to the payments as long as the defendants continue to make them. Had they defaulted in the performance of their contract, it is evident that the plaintiff could not then have claimed the lots.

■ The plaintiff challenges the sufficiency of the demurrer which states that the complaint "does not state facts sufficient to constitute a cause of suit". He argues that section 1-606, Oregon Code 1930, requires greater detail. Our practice, in the absence of court rules to the contrary, has regarded a general demurrer sufficient when it assigns, in the language of the statute, the defect in the attacked pleading. Such is also the practice generally employed in other states. See 49 C. J., Pleading, p. 415, sec. 525. We find no error revealed by this contention.

The circuit court did not err when it sustained the demurrer.

RAND, C. J., and KELLY and BELT, JJ., concur.