Argued February 7, reversed and remanded April 26, 1967

HANSON ET UX, *Appellants, v.* MOSSER ET AL, *Respondents.*

427 P. 2d 97

[ 1 ]

*Fred A. Granata,* Portland, argued the cause and filed a brief for appellants.

*David A. Goldberg,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and SLOAN, GOODWIN and REDDING, Justices.

REDDING, J. (Pro Tempore).

This is an appeal by plaintiffs from an order of the circuit court for Marion county, sustaining the motion of the State of Oregon and the defendants to quash service of summons on the defendants. Defendants' motion to quash is based on the ground that the plaintiffs' suit is one against the State of Oregon and is thus barred by the doctrine of sovereign immunity. It is conceded that a state is not suable without its consent and that consent has not here been given.

Plaintiffs, two citizens and taxpayers of the state of Oregon, brought this suit against the Director of the Department of Finance and Administration of the State of Oregon, and the State Treasurer, for a declaratory judgment determining that a contract for the purchase of safes, which the Director of Finance and Administration has decided to award to a bidder other than the lowest bidder, will be illegal and void.

Plaintiffs also seek to restrain the Director from entering into the proposed contract, and to enjoin both defendants from paying out state funds under said contract. The complaint prays for alternative relief if the Director has already entered into such a contract.

The amended complaint alleges, in essence, the following facts: that the plaintiffs are individuals engaged in business under the name of Oregon Safe & Lock Co.; that the plaintiffs are residents of Portland, Oregon, and taxpayers of the state of Oregon; that on November 4, 1965, defendant Freeman Holmer, Director of the Department of Finance and Administration of the State of Oregon, invited sealed bids to be opened on November 18, 1965, for furnishing safes in conformity with the specifications which were made a part of the invitation for bids; that in response to said invitation to bid, two bids were received, that of the plaintiffs in the amount of $8,925.00, less ½ of 1% discount for cash payment, and that of another bidder in the amount of $9,686.88; that plaintiffs' bid was the lowest submitted; that the Director has decided, nevertheless, to accept the higher bid.

The thrust of the amended complaint is contained in Paragraph IX thereof, in which it is alleged:

"That in deciding to accept said higher bid and in proposing to enter into a contract based thereon, the defendant, Freeman Holmer, has acted in plain violation of the provisions of the Oregon Revised Statutes, requiring that award be made to the lowest responsible bidder, and in total disregard of its [sic] duty to the taxpayers of the State of Oregon, and the said defendant's said actions were and are a plain, arbitrary and capricious abuse of official discretion and not in the public interests, and any such contract will be illegal and void, and the payment of any funds of the State under any

such contract will be a waste of public funds and an injury to the State and will cause irreparable damage to the plaintiffs and to all other taxpayers of the State of Oregon."

Plaintiffs, in addition, allege that their bid is more advantageous to the purchaser with respect to price, quality and probability of performance. The plaintiffs pray for a declaratory judgment that the proposed contract be declared illegal and void, and for an injunction enjoining the defendant Director of the Department of Finance and Administration from entering into the proposed contract, and for such other and further relief as the nature of the case may require and as to the court may seem just and proper. In the alternative, if the Director has entered into a contract with the higher bidder, the plaintiffs seek an injunction, enjoining both defendants from paying monies on said contract.

The State of Oregon, although not named as a defendant, and the defendants appeared specially and moved to quash service of summons on the grounds of sovereign immunity from suit. The trial court entered an order sustaining the motion and the plaintiffs appeal therefrom.

■ The only pleading in the case, as it now stands, is the amended complaint. It is against this pleading that the correctness of the trial court's order quashing service of summons must be tested, for unless it appears from the face thereof that the court acquired jurisdiction over the defendants by proper service, then the order to quash service must be upheld. While ordinarily the means employed to assert the state's immunity from suit is by demurrer on the ground the complaint fails to state a cause of action, *Antin v. Union High School Dist. No. 2,* 130 Or 461, 280 P 664,

66 ALR 1271 (1929); *Lovell v. School Dist. No. 13,* 172 Or 500, 143 P2d 236 (1943); *Wickman et al v. Housing Authority,* 196 Or 100, 247 P2d 630 (1952); *Petty v. Hibbs et al,* 147 Or 77, 31 P2d 655 (1934); a motion to quash is also an appropriate method of raising the issue. *James & Yost v. Board of Higher Edu.,* 216 Or 598, 340 P2d 577 (1959).

■■ To determine whether plaintiffs have, as defendants in effect contend, brought suit against the State of Oregon, or have, as plaintiffs assert, sued to enjoin unauthorized acts of state officials not deemed acts of the state, the allegations of the complaint will be assumed to be true. *Metropolitan Life Ins. Co. v. Skov et al,* 45 F Supp 140, 51 F Supp 470 (D Or 1942). Article IV, § 24 of the Oregon Constitution incorporates the doctrine of sovereign immunity from suit. The plaintiffs do not question the general proposition embodied within the doctrine of sovereign immunity that the state cannot be subjected to suit in its own court without its consent. Nor do they controvert the well settled proposition that in a suit against an officer or agency of the state, the court is not bound by the record, but will look to determine the real party in interest and if that is the state then the suit may not be maintained unless consent has been given. *Salem Mills v. Lord,* 42 Or 82, 69 P 1033, 70 P 832 (1902); *Mohler et ux v. Fish Commission,* 129 Or 302, 276 P 691 (1929); *United Contracting Co. v. Duby,* 134 Or 1, 292 P 309 (1930); *Schrader v. Veatch et al,* 216 Or 105, 337 P2d 814 (1959); *Bacon v. Harris et al,* 221 Or 553, 352 P2d 472 (1960); *Jarrett v. Wills,* 235 Or 51, 383 P2d 995 (1963); 49 Am Jur 304-305, States, Territories and Dependencies § 92.

No consent has been given in this case nor has the state otherwise submitted to jurisdiction. But, it

is maintained by plaintiffs that this suit is not one against the state and thus that the above principles have no application in this case. It is contended instead that the rule of immunity from suit is not available to public officials who act under an unconstitutional statute, *Ex Parte Young,* 209 US 123, 28 S Ct 441, 52 L Ed 714 (1908), or in excess or abuse of their lawful authority, *Philadelphia Co. v. Stimson,* 223 US 605, 32 S Ct 340, 56 L Ed 570 (1912), even though they assume to act under the authority of the state.

"* * * [W]here state officers act under invalid authority or exceed or abuse their lawful authority, even though upon the claim that they are acting for the state, and thereby invade or violate rights of the plaintiff, an action to redress those injuries is not to be considered as a suit against the state, since the acts of officials which are not legally authorized or which exceed or abuse their authority or discretion are not acts of the state, and do not have the countenance of the state * * *." 49 Am Jur, States, Territories and Dependencies at 310.

██ The courts have recognized that acts done by officials of the state without authority or in excess or abuse of authority are done without the sanction of the state and may be enjoined. It is the theory of such suits that public officers hold and can exercise only the authority lawfully delegated to them. Where, then, officers act beyond or in abuse of their delegated authority they act as individuals, and a suit to enjoin their wrongful acts is not one against the state. As the United States Supreme Court noted in *Philadelphia Co. v. Stimson,* supra, in a suit to enjoin the Secretary of War from commencing criminal prosecution:

"* * * The suit rests upon the charge of

abuse of power, and its merits must be determined accordingly; it is not a suit against the United States." 223 US at 620.

In *Salem Mills Co. v. Lord,* supra, plaintiff sought to enjoin defendants, state officers, from appropriating an amount of water from Mill Creek in excess of that to which the state was entitled. This court noted the claim of the defendants that the suit was one against the state and could not be maintained, but held contrary to that contention.

"* * * The defendants aver that they are the officers of the state (and they are so described in the complaint), and that the acts and doings ascribed to them were done and performed in their official capacity, for and in behalf of the state, and not as individuals, and that they have no personal interest in the property within their charge, or in the use of any of the water of Mill Creek. But this does not exonerate them as individuals from liability to the plaintiff * * *." 42 Or at 95.

The evidence reviewed indicated that the defendants had appropriated water to the use of the state in excess of that to which it was entitled. The court enjoined further unauthorized appropriation of the water by the officers as individuals and held that the state was not an indispensable party. See also *Gearin v. Marion County,* 110 Or 390, 223 P 929 (1924); *Mohler et ux v. Fish Commission,* 129 Or 302, 276 P 691 (1929).

The statute with which we are here dealing specifies that public contracts for which competitive bids are required under ORS 279.714 be awarded to the lowest responsible bidder, taking into consideration quality and probability of performance.

The term "lowest responsible bidder" has been the

subject of judicial construction on numerous occasions. A good summary of the holdings is contained in 43 Am Jur 784-785, Public Works and Contracts § 42:

"The bidder to whom a contract for public work is to be awarded under a provision that such contracts shall be let to the 'lowest responsible bidder' is one who is responsible and lowest in price on the advertised basis. Such a requirement does not compel the authorities to award a public contract to the lowest bidder who is financially responsible or who is able to produce responsible sureties. The term 'responsible' as thus used is not limited in its meaning to financial resources and ability. What the public desires is a well-constructed work, for which a lawsuit even against a responsible defendant is a poor substitute; and authorizations of this kind are held to invest public authorities with discretionary power to pass upon the honesty and integrity of the bidder necessary to a faithful performance of the contract—upon his skill and business judgment; his experience and his facilities for carrying out the contract; previous conduct under other contracts; and the quality of previous work— as well as his pecuniary ability, *and when that discretion is properly exercised the courts will not interfere.* All matters bearing upon the likelihood that the contract will be promptly and efficiently performed bear upon the question of responsibility of bidders and may and should be considered in determining who is the lowest responsible bidder * * *." (Emphasis supplied.)

■ The awarding of a public contract to the "lowest responsible bidder" is not a mere ministerial duty, but involves the exercise of broad discretion. Such discretion however does not amount to no restriction whatever upon the authority of the public officer to award the contract to other than the lowest bidder.

In *Inge v. Board of Public Works of Mobile,* 135

Ala 187, 198-199, 33 So 678, 681, 93 Am St Rep 20 (1902), the Supreme Court of Alabama in a well-reasoned opinion stated:

> "* * * 'The determination of who is the lowest bidder, with the qualification of responsibility, rests not in the exercise of an arbitrary, unlimited discretion of the officer or board awarding the contract, but upon the exercise of a *bona fide* judgment, based upon facts tending reasonably to the support of such determination.' * * * In the absence of fraud or gross abuse, the courts will not interfere with the exercise of discretion by administrative boards or officers in their determination of who is the lowest responsible bidder. But in awarding the contract, it ought to appear that the contract has been by the board, in the exercise of its judgment and discretion, let to the lowest responsible bidder. And whatever may be the presumption to be indulged in favor of its action in this respect, when the contract is let to one whose bid is not the lowest in amount, where its action is not assailed, it is quite clear, that when its action is assailed, and it is directly charged that the letting was not to the lowest responsible bidder, it will not be presumed on demurrer, which is a confession of the facts stated in the bill, from the mere acceptance of the bid by the board of him to whom the contract is awarded, that the board in the exercise of its judicial discretion, after due consideration of all bids, determined such one to be the lowest responsible bidder."

See also *State ex rel Eaves v. Rickards,* 16 Mont 145, 40 P 210, 50 Am St Rep 476, 28 LRA 298 (1895); 43 Am Jur 806-807, Public Works and Contracts § 64.

As noted above, upon motion to quash service of summons, the allegations of plaintiffs' complaint are to be taken as true.

■ Plaintiffs have alleged their status as taxpayers

of the state of Oregon whose burden will be increased to their detriment by the unlawful expenditures of public funds pursuant to the questioned contract. It is beyond question that a taxpayer whose tax burden will be augmented by unlawful expenditure of public funds has standing to enjoin such expenditure. *Childs v. Marion County*, 163 Or 411, 97 P2d 955 (1940); *Jory v. Martin et al*, 153 Or 278, 56 P2d 1093 (1936); *McKinney v. Watson*, 74 Or 220, 145 P 266 (1915); 43 Am Jur 967, Public Works and Contracts § 220. Plaintiffs have further alleged in effect that the bidder who has been or will be awarded the contract in question is not the lowest responsible bidder, taking into consideration, price, quality and probability of performance, and that in awarding the contract to said bidder, the defendant Freeman Holmer, "has acted in plain violation of the provisions of the Oregon Revised Statutes, requiring that award be made to the lowest responsible bidder, and in total disregard of its duty to the taxpayers of the State of Oregon, and the said defendant's said actions were and are a plain, arbitrary and capricious abuse of official discretion and not in the public interests, and any such contract will be illegal and void, and the payment of any funds of the State under any such contract will be a waste of public funds and an injury to the State and will cause irreparable damage to the plaintiffs and to all other taxpayers of the State of Oregon."

Such allegations, if proven, will warrant the injunctive relief prayed for in the complaint against the named defendants. Since the state cannot authorize, and has not purported to authorize, defendants to award contracts in violation of ORS 279.726, the state cannot be affected and is not an indispensable party

to the suit. *Salem Mills Co. v. Lord,* supra. Nor, as Mr. Justice Wolverton noted in the latter case:

"* * * can it be ascertained without a trial of the issues whether the officers are holding and acting as public functionaries or as individuals. In the latter capacity they are liable; but, if they can produce and show a warrant of authority from the state for their acts, then will they be exonerated. This is the issue, and it cannot be avoided by a suggestion that the state is the real party, unless it is obvious that it is so." 42 Or at 95.

If upon trial it is made to appear that the defendants abused their discretion in awarding the contract to other than the lowest bidder, then, since the state cannot authorize such conduct, the decree will be against the individuals only. If the evidence shows, however, that the award was made in a legitimate exercise of the broad discretion of which the Director of the Department of Finance and Administration is possessed, his act would be fully authorized by the state and no decree could issue enjoining the defendants, for that would be a decree against the state, and the court would lack jurisdiction.

For the foregoing reasons the motion to quash should have been denied.

Reversed and remanded.