**KAT EXCAVATION, INC., et al., Appellant,**

v.

**CITY OF BELTON, Missouri, Respondent.**

**No. WD 56446.**

Missouri Court of Appeals, Western District.

May 11, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 1999.

Application for Transfer Denied Aug. 24, 1999.

---

Stephen Robert Miller, Kansas City, for appellant.

Joseph A. Cambiano, Kansas City, for respondent.

Before HOWARD, P.J., ULRICH, J. and SMART, J.

ULRICH, Judge.

KAT Excavation, Inc., a construction contractor and the lowest bidder on a public improvements contract, and Betty J. Manlove, a taxpayer, appeal the judgment of the trial court in favor of the City of Belton, a fourth class city, in their suit for declaratory judgment and injunction. Appellants contend that the City acted illegally in awarding the contract to Dennis Johnson Construction Company (Dennis Johnson), the second lowest bidder on the contract, under section 88.700,[1] which requires fourth class cities to award contracts for street improvements to the lowest and best bidder. The judgment of the trial court is affirmed.

On May 7, 1998, the City of Belton solicited bids by advertisement for a public improvement project known as "Mullen Street Road Improvements." The project involved the installation of roadway and storm sewer improvements. KAT Excavation, Inc. submitted the lowest bid on the project in the amount of $542,676.68. KAT's bid was timely and complied with all of the bid requirements established by the City. Dennis Johnson submitted the second lowest bid on the project in the amount of $547,089.50. Dennis Johnson's

1. All statutory references are to RSMo 1994 unless otherwise indicated.

bid was also timely and in compliance with the bid requirements.

A consulting engineer hired by the City concluded that KAT would be able to complete the contract on time. At a regular meeting of the Board of Aldermen of the City of Belton on June 9, 1998, the Board decided to award the contract on the project to Dennis Johnson. The same day, the Mayor of Belton signed ordinance no. 98–2540 providing, "That a contract for improvements to Mullen Road with Dennis Johnson Construction is hereby approved and the Mayor is authorized and directed to execute the agreement on behalf of the City."

Following the City's award of the contract to Dennis Johnson, Appellants filed a petition in the circuit court requesting a temporary restraining order, a preliminary and permanent injunction, and a declaratory judgment or, in the alternative, a writ of prohibition or a writ of mandamus. Appellants sought (1) to prevent the City from taking any further action on the contract awarded to Dennis Johnson because it was illegal and void and (2) a declaration that KAT was the lowest and best bidder and that the contract be awarded to it.

Following a hearing for a temporary restraining order, the court entered judgment in favor of the City finding that the City acted within its discretion in determining that Dennis Johnson was the lowest and best bidder on the project. This appeal followed.

■ On appeal, Appellants claim that the trial court erred in entering judgment in favor of the City. They contend that under section 88.700, KAT was the lowest and best bidder and that the City's award of contract to Dennis Johnson, the second lowest bidder, was arbitrary, capricious, and unsupported by any objective factual basis.

■ Section 88.700 governs the letting of public street improvement contracts by fourth class cities. It requires such contracts to be awarded to the "lowest and best bidder." § 88.700. This requirement is intended to "secure unrestricted competi-tion among bidders, eliminate fraud and favoritism, and avoid undue and excessive costs which would otherwise be imposed on taxpayers." *Wring v. City of Jefferson,* 413 S.W.2d 292, 298–299 (Mo.1967).

■ In determining who is the "lowest and best bidder" on a public works contract, a public authority is vested with wide discretion, and its decision, when made honestly and in good faith, will not be interfered with by the court, even if erroneous. *Missouri Serv. Co. v. City of Stanberry,* 341 Mo. 500, 108 S.W.2d 25, 33 (Mo.1937). Such rule, however, does not permit the public authority to act arbitrarily; instead it must exercise its discretion based upon facts reasonably tending to support its decision. *Id.See also* 64 Am.Jur.2d *Public Works and Contracts* § 68 (1972). In awarding a public works contract to the "lowest and best bidder", the public entity must exercise its discretion "in good faith, in the interest of the public, without collusion or fraud, nor corruptly, nor from motives of personal favoritism or ill will, and not abused." *Missouri Serv.,* 108 S.W.2d at 33 (citation omitted).

■ Under a statute or ordinance such as section 88.700 that requires public works contracts to be awarded to the "lowest and best bidder," the fact that a bid is in terms of dollars and cents the lowest of those which have been submitted is not necessarily the determining factor in the letting of the contract. *Id.* (the expression "lowest bidder" is used in its logical and practical, rather than in its grammatical sense). *See also* 64 Am.Jur.2d *Public Works and Contracts* § 67 (1972). "The 'lowest' bid may be determined by monetary standards with the dollar as the unit, but this is not so in determining the 'best' bid ... that question involves a number of other factors and elements." 64 Am. Jur.2d *Public Works and Contracts* § 67 (1972). Besides considering a bidder's pecuniary ability in determining the "lowest and best bidder," a public authority may consider the honesty and integrity of the

bidder necessary to a faithful performance of the contract; the bidder's skill and business judgment; the bidder's experience and facilities for carrying out the contract; previous conduct of the bidder under other contracts; and the quality of the bidder's previous work. *Hanson v. Mosser,* 247 Or. 1, 427 P.2d 97, 100–101 (Or.1967); 64 Am.Jur.2d *Public Works and Contracts* § 70 (1972).

In this case, evidence was presented that the Board of Aldermen of the City of Belton considered several factors in determining that Dennis Johnson was the "lowest and best bidder" on the Mullen Road Improvements project. First, the City had a good experience with Dennis Johnson, a company located within nearby Peculiar, Missouri, on a project in the past. Dennis Johnson successfully completed a prior project for the City under budget and ahead of schedule. The successful completion of the $600,000 project arguably saved the City $20,000. Additionally, the City learned that Dennis Johnson had recently successfully completed a road improvement project in Lee's Summit. Because the City had a history of problems with other contractors not completing projects on time, Dennis Johnson's previous performance under the other contracts was an important factor in the City's decision to award the Mullen Street Road Improvements contract to it. Finally, while KAT submitted the lowest bid on the contract, Dennis Johnson's bid was only approximately $4600 higher on the $500,000 contract. Such disparity in bids would not have imposed undue or excessive costs on taxpayers. These reasonable considerations by the City tended to support its decision to award the contract to Dennis Johnson. No evidence was presented that the City exercised its discretion arbitrarily or fraudulently based on favoritism or gross abuse. Instead, the City's award of the contract to Dennis Johnson was a proper exercise of its discretion. The trial court, therefore, correctly entered judgment in favor of the City.

The judgment of the trial court is affirmed.

All concur.