No. 29 October 7, 2016 281

# IN THE OREGON TAX COURT
## REGULAR DIVISION

### OREGON SCHOOL BOARDS ASSOCIATION,
*Plaintiff,*

*v.*

### DEPARTMENT OF REVENUE,
### and Marion County Assessor,
*Defendants.*

(TC 5262)

Plaintiff (taxpayer) appealed from a Magistrate Division decision as to exemption status of real property it owns in Salem, Oregon. The property at issue was used as a parking lot for taxpayer's members that visit Salem for business and other purposes. Defendant Marion County Assessor (the county) initially denied taxpayer's application for exemption on the grounds that taxpayer was not a school district, a public or municipal corporation, or organized as a corporation, but during litigation, the county did not continue to maintain that taxpayer did not qualify as a "corporation" under ORS 307.090, and neither the county nor Defendant Department of Revenue (the department) disputed that taxpayer's property was being used for taxpayer's corporate purposes. The department instead argued that taxpayer did not qualify as a public corporation because it was not created or authorized by statute and did not possess governmental powers or responsibilities. The county argued that taxpayer did not qualify as a public corporation because it only served its members, which are not citizens. Taxpayer argued that it qualified as a public corporation because it advances public education in Oregon through assistance to its membership, which is composed entirely of other public corporations. Granting taxpayer's motion and denying the department and county's cross-motions, the court ruled that because it served a public purpose, was exclusively managed and controlled by public entities, was impliedly authorized by statute, and was created by public entities with the limited power and authority necessary to accomplish its purpose, taxpayer was entitled to an exemption for the subject property.

Oral argument on cross-motions for summary judgment was held March 21, 2016, in the courtroom of the Oregon Tax Court, Salem.

James E. Mountain, Jr., Harrang Long Gary Rudnick PC, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

Scott A. Norris, Assistant Marion County Counsel, Salem, filed the cross-motion and argued the cause for Defendant Marion County Assessor (the county).

Daniel Paul, Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued

the cause for Defendant Department of Revenue (the department).

Decision for Plaintiff rendered October 7, 2016.

## HENRY C. BREITHAUPT, Judge.

### I.   INTRODUCTION

This case is before the court on cross-motions for summary judgment. Plaintiff Oregon School Boards Association (OSBA or taxpayer) appeals from a Magistrate Division decision. The magistrate upheld a denial by Defendant Marion County Assessor (the county) of taxpayer's application for property tax exemption for tax year 2014-15 for "corporate property used or intended for corporate purposes of *** [a] public *** corporation[] in this state." *See* ORS 307.090(1).[1] The county and Defendant Department of Revenue (the department) have argued separate bases for denying taxpayer an exemption under ORS 307.090(1).

### II.   FACTS

Taxpayer is a voluntary, unincorporated association of 196 public K-12 school districts, 17 public community colleges, 19 public education service districts, 87 public charter schools, and the State Board of Education. All public school boards in Oregon are eligible for automatic membership in OSBA upon the payment of dues. The purpose of taxpayer is to advance public education in Oregon through services and assistance to its public members.[2]

---

[1] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to the 2013 edition.

[2] Taxpayer's specific purposes are listed in its constitution, and are: (1) to work for the general advancement and improvement of the education of all youth of the State of Oregon; (2) to gather and disseminate information pertinent to the successful operation of public schools; (3) to work for the most efficient and effective organization of public schools of this state—public schools include local school districts, education service districts and community colleges; (4) to work for adequate and dependable financial support for the public schools of this state; (5) to study all legislation which affects the public schools of Oregon and to support and work for that which appears to be desirable and to keep members informed thereof to propose and work for the enactment of proper education legislation; (6) to cooperate and work with persons and organizations genuinely interested in public education; (7) to encourage the establishment and maintenance of high standards in the conduct and operation of the educational endeavor; (8) to study and interpret educational programs and to relate them to the needs of

Taxpayer is led by a board of directors. Taxpayer can buy and sell property, enter into contracts, and sue and be sued in its own name. Taxpayer is funded by membership dues. These funds can only be used to further the public purposes of taxpayer and must, upon dissolution of taxpayer, be distributed to one or more of its public members. Taxpayer has been the subject of various administrative rulings regarding its public character.[3]

The real property at issue is located in Marion County. It is used as a parking lot for OSBA members that visit Salem for educational purposes, meetings, lobbying the legislature, and other purposes. It is owned solely by taxpayer, and not by taxpayer's members. The county denied taxpayer's application for exemption because OSBA is not (1) a school district; (2) a "public or municipal corporation;" or (3) organized as a corporation.

## III.   ISSUES

The court first notes what is not at issue. Taxpayer does not argue that it is a school district. The county no longer maintains that taxpayer does not qualify as a "corporation" under ORS 307.090(1). *See Pacific States Marine Fisheries v. Dept. of Rev.* (*Pacific States*), 346 Or 117, 122-24, 206 P3d 1037 (2009) (holding formal organization as a corporation is not required under ORS 307.090). Further, neither the county nor the department dispute that taxpayer's property is being used for taxpayer's corporate purposes.

---

pupils; (9) to promote public understanding of the role of school boards and school board members in the improvement of education; (10) to conduct, independently or in cooperation with others, seminars, conferences, courses, and research projects in the various aspects of education; (11) to endeavor to implement the policies, beliefs, and resolutions of the association; (12) to do such other things as the member boards or board of directors may deem appropriate for the accomplishment of these and other purposes which tend to improve education; (13) to provide such direct services to member districts and their board members as may be appropriate and authorized by the board of directors of the association; and (14) to enter into such cooperative agreement with member districts for the pooling of resources as may result in the more efficient utilization of district resources and accrue to their financial advantage. (*See* Stip Facts at 2-3.)

[3] These rulings, however, do not dictate the outcome in this case. The Supreme Court has cautioned that "opinions characterizing or declining to characterize various entities as public corporations have to be considered in the specific legal context in which they arose." *Pacific States Marine Fisheries v. Dept. of Rev.*, 346 Or 117, 122, 206 P3d 1037 (2009).

Accordingly, the only issue remaining is whether taxpayer qualifies as a "public *** corporation[] in this state."[4] ORS 307.090(1). That issue is composed of two parts: whether taxpayer qualifies as a "public corporation"; and whether taxpayer is "in this state."

## IV.   ANALYSIS

All real property within this state is subject to assessment and taxation, unless there is an exception provided for by law. ORS 307.030(1). Taxpayer seeks exemption for its real property under ORS 307.090(1). That statute provides:

> "Except as provided by law, all property of the state and all public or corporate property used or intended for corporate purposes of the several counties, cities, towns, school districts, irrigation districts, drainage districts, ports, water districts, housing authorities, public universities listed in ORS 352.002 and all other public or municipal corporations in this state, is exempt from taxation."

The parties primarily differ as to the meaning and characteristics of the term "public *** corporation[]" for purposes of ORS 307.090(1).[5]

Taxpayer argues that it qualifies as a public corporation because it advances public education in Oregon through assistance to its membership, which is composed entirely of other public corporations. The department argues that taxpayer does not qualify as a public corporation because it was not created or authorized by statute and does not possess governmental powers or responsibilities. The county argues that taxpayer does not qualify as a public corporation because it only serves its members, which are not citizens.

As a preliminary matter, this court must address the Supreme Court's opinion in *Pacific States*. Taxpayer argues that, because the court determined that Pacific

---

[4] ORS 307.090 also provides for an exemption for the property of municipal corporations. A municipal corporation can be defined as a body corporate and politic. Eugene McQuillin, 1 *The Law of Municipal Corporations* § 2:8 (3d ed 1999, April 2016 Update). Taxpayer does not argue that it is a municipal corporation.

[5] The county also makes an argument that taxpayer is not a public corporation "in this state," which is addressed later in this decision. *See* 22 OTR at 292-93.

States Marine Fisheries Commission is a public corporation (with membership composed entirely of public bodies), taxpayer too must be a public corporation because it is also composed entirely of public bodies.

However, as Defendants argue, the court in *Pacific States* only determined that the commission at issue there was a public corporation "in the abstract." 346 Or at 122. The court reserved whether "shared characteristics inherent in the specific entities" listed in ORS 307.090 would "place further limits on the types of public corporations that are entitled to a tax exemption." *Id.* at 127. The court did not delineate the characteristics of a public corporation for purposes of ORS 307.090. Accordingly, this court must first ascertain what those characteristics are, and then determine whether taxpayer has those characteristics.

A. *Defining "Public Corporation" for Purposes of ORS 307.090*

There is no textual definition for the term "public corporation" for purposes of ORS 307.090. Accordingly, this court must look to the context of ORS 307.090, any relevant legislative history, and, if helpful, the maxims of statutory construction.[6] *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). As to context, the court looks to the statutory history and case law of ORS 307.090, as well as case law interpreting the term "public corporation."

ORS 307.090 traces back to the Deady Code, when only "counties, cities, villages, towns and school districts" were exempted from property taxation. General Laws of Oregon, Civ Code, ch LIII, title I, § 4, p 894 (Deady 1845-1864). This provision has been amended several times, but its basic character has remained the same: public entities are exempt from taxation. Indeed, a predecessor of ORS 307.090 has been described as being "merely declaratory of the common rule" that public property is not taxable absent a "clear legislative declaration" of the intention to do so. *Portland v. Multnomah County*, 135 Or 469, 471, 296 P 48 (1931) (interpreting Oregon Code, title LXIX, ch 1, § 69-104

---

[6] There is no relevant legislative history.

(1930)). This is because "[i]t would be analogous to taking money out of one pocket and putting it into another." *Id*. at 472.

The term "public corporation" was not added until the turn of the twentieth century. The Codes and Statutes of Oregon, title XXX, ch I, § 3039 (Bellinger & Cotton 1901), *amended by* Or Laws 1907, ch 268, § 4. At that time, public corporations were defined as "'those [corporations] which are exclusively instruments of the public interest.'" *Pacific States*, 346 Or at 123 (quoting John Bouvier, 1 *Law Dictionary* 406 (15th ed 1890)) (alteration in original). The "original understanding [was] that incorporation of enterprises for business purposes [is] something distinct from incorporation of governmental instrumentalities." *State ex rel Eckles v. Woolley* (*Eckles*), 302 Or 37, 47, 726 P2d 918 (1986).

Given this historical context, a public corporation is "a corporation formed for the public's benefit or for a public purpose." *Shasta View Irrigation Dist. v. Amoco Chemicals* (*Shasta View*), 329 Or 151, 157, 986 P2d 536 (1999) (citing *Eckles*, 302 Or at 48-49). However, this is not the only characteristic of public corporations.[7]

Public corporations are also subject to public management or control. *Eckles*, 302 Or at 49. In *Eckles*, the court determined that the State Accident Insurance Fund was a public corporation in part because it did not have "the questionable characteristics of mixed private and governmental investment or management." *Id*. While this court has not found a case holding that *any* private interest destroys the public character of a public corporation, it is evident that having some amount of private interest raises the question whether an alleged public corporation is an exclusive instrument of the public interest. That question is not similarly raised in a public corporation with only public investment and management.

---

[7] Taxpayer argued that this is the only characteristic of public corporations. However, as the department notes, nonprofit corporations would satisfy this test. Neither party disputes that private nonprofit corporations have a separate exemption available to them and that they do not qualify as public corporations for purposes of ORS 307.090.

Public corporations are also created or authorized by statute.[8] *See Mohler et ux. v. Fish Commission*, 129 Or 302, 305, 276 P 691 (1929); *McClain v. Regents of the University*, 124 Or 629, 634, 256 P 412 (1928). In *Mohler*, the Supreme Court determined that the fish commission was "a mere agency of the state in the nature of a *quasi*-public corporation created by legislative enactment with certain delegated powers." 129 Or at 305 (emphasis in original). In *McClain*, the Supreme Court found the Regents of the University to be "a public corporation, created by legislative enactment for the special purpose of carrying out the educational policy of the state." 124 Or at 634.

Finally, public corporations have some governmental power or authority.[9] *Mohler*, 129 Or at 305. Public corporations are, for purposes of ORS 307.090, either quasi-municipal or municipal corporations. *See White City Water System v. Dept. of Rev.*, 285 Or 255, 258, 590 P2d 724 (1979) (describing all the entities in ORS 307.090 as either municipal or quasi-municipal corporations). Both can be described as a "corporation for municipal purposes." *See Cook v. The Port of Portland*, 20 Or 580, 583, 27 P 263 (1891) (generally equating public corporations with municipal corporations). In *Cook*, the Supreme Court determined that the test of a "corporation for municipal purposes" is whether the corporation has the "right or power to exercise some of the functions of government." 20 Or at 586. The difference between a public corporation and a municipal corporation is the amount of governmental authority possessed. A public corporation requires only the authority necessary to achieve its purpose. *See* Eugene McQuillin, 1 *The Law of Municipal Corporations* § 2:17 (3d ed 1999, April 2016 Update).

Accordingly, there are four characteristics that an entity must have to be considered a "public" corporation.[10]

---

[8]  The department found this characteristic primarily from an application of *ejusdem generis*. However, this court considers resort to that canon of statutory construction unnecessary given the supporting case law.

[9]  The department here also found this characteristic primarily from an application of *ejusdem generis*. However, this court again considers resort to that canon of statutory construction unnecessary given the supporting case law.

[10]  As previously stated, there is no dispute that taxpayer is a corporation for purposes of ORS 307.090.

First, the entity must be formed for the public's benefit or a public purpose. *Shasta View*, 329 Or at 157. Second, the entity must be subject to public management or control. *Eckles*, 302 Or at 49. Third, the entity must be created or authorized by statute. *Mohler*, 129 Or at 305; *McClain*, 124 Or at 634. Fourth, the entity must possess some governmental power or authority. *Mohler*, 129 Or at 305; *Cook*, 20 Or at 586. The question is whether taxpayer has these characteristics.

B.  *Applying the Definition of "Public Corporation" to Taxpayer*

   1.  *Taxpayer's public purpose*

   Taxpayer has a limited purpose—to advance public education through assistance to its public membership. That purpose, however, is public enough. The Supreme Court has cautioned against parsing too narrowly the purpose of a public corporation. *See Eckles*, 302 Or at 49 ("There is no need to characterize insurance as a more or less 'public' function than *** [other areas] that government chooses to provide ***."). Advancing public education is undoubtedly a public purpose, and taxpayer assists its member public school boards in fulfilling that public purpose.

   The county disputes that this is a valid public purpose because OSBA is directly serving only its membership, not the public at large. In support of this position, the county cites *Special Districts Association of Oregon v. Washington County Assessor* (*SDAO*), TC-MD 050661D, WL 167462 (Jan 11, 2006), a Decision from the Magistrate Division of this court with facts materially indistinguishable from the present case. There, the SDAO sought tax exemption under ORS 307.090 because it was a nonprofit mutual benefit corporation composed of governmental entities. *Id.* at *2. The court found that the SDAO did not meet the statutory requirements because it served its members and not the public. *Id.* at *7.

   Decisions from the Magistrate Division are not binding on this court. Moreover, the decision in *SDAO* was not appealed to this court and has not been considered by this court until now. Upon review, the decision in *SDAO* is not persuasive. The court in *SDAO* incorrectly interpreted

Supreme Court precedent on the characteristics of *public corporations* by relying on its own precedent regarding the characteristics of *charitable or scientific organizations. See id.* at \*4, 6-7 (citing *Rogue Gem v. Josephine County Assessor* (*Rogue Gem*), 17 OTR-MD 446 (2003)).

In *Rogue Gem*, the court determined that a mutual benefit corporation is not a nonprofit corporation "organized for a public or charitable purpose" because it only serves its members, not "the community as a whole." 17 OTR-MD at 454. This conclusion, however, was demanded by the definitions of a mutual benefit corporation and a public benefit corporation.

Under ORS 65.001(24) (2003), a mutual benefit corporation is a corporation that "does not come within the definition of public benefit or religious corporation." *Id.* Under ORS 65.001(31) (2003), a public benefit corporation is a corporation that is "organized for a public or charitable purpose." *Id.* Because a mutual benefit corporation is defined as something that is *not* a public benefit corporation, the *Rogue Gem* court appropriately determined that a mutual benefit corporation is not a corporation that is organized for a public or charitable purpose. *Id.*

The court in *SDAO* relied upon *Rogue Gem* to impute a requirement that a public corporation cannot be created to serve only its membership that is composed of other public corporations. It concluded its analysis essentially on this requirement alone: "Because Plaintiff's activities serve or benefit its members rather than the public, the court concludes that Plaintiff is not a public corporation." *Id.* at \*7. However, there is no such requirement.

What distinguishes *Rogue Gem* from this case (and hence *SDAO*) is that the mutual benefit corporation in *Rogue Gem* was composed of individuals—not governmental entities—and the exemption was one for charitable corporations, not an exemption for governmental entities.[11]

---

[11] Taxpayer is not organized as a mutual benefit corporation. However, that would be a distinction without a practical difference. *See Eckles*, 302 Or at 46 (declining the invitation to "revive the scholastic debate between nominalism and realism"). Taxpayer serves its membership, and thus is similar to a mutual benefit corporation—with the important fact that all of its members are public entities.

17 OTR-MD at 448. There is a significant difference between *private* individuals or entities creating mutual benefit corporations to serve themselves and *public* corporations creating mutual benefit corporations to assist in the administration of their governmental functions. It is for this reason that the court in *SDAO* erred by relying upon *Rogue Gem* to interpret the public purpose requirement as applied to public corporations.

The court finds that advancing public education in Oregon is for the public's benefit or is a public purpose. Once that is established, it is inappropriate to engage in too fine an analysis of whether the purpose is more or less public than another accepted purpose. *Eckles*, 302 Or at 49. Taxpayer's purpose is a public purpose.

2. *Taxpayer's public management or control*

Taxpayer is subject to public management or control. Its members, which are all public corporations, have the sole power to vote in the board of directors for OSBA. Taxpayer is also exclusively funded by the public. Its members, which are all public corporations, provide taxpayer funds through the payment of dues. In addition, if taxpayer is dissolved, its public funds are returned to its members, which are all public corporations.

The county argues that taxpayer is not subject to public control because it is not subject to control directly by the citizenry. The county draws that requirement from the Supreme Court's opinion in *Cook*, 20 Or at 583. There, the court described a public corporation as "a corporation created for public or governmental purposes *** whose members are citizens, not stockholders." *Id.*

Whether composition of member-citizens ever was a requirement, it is no longer a part of Oregon law. The Supreme Court directly referenced the *Cook* member-citizen test in its conclusion in *Eckles*. *See* 302 Or at 49. In *Eckles*, the court noted that the State Accident Insurance Fund (SAIF) was not composed of members who are citizens. *Id.* Yet, because SAIF was exclusively managed and funded by government—with no private stockholders—the court determined that SAIF was a public corporation. *Id.*

Much like SAIF, taxpayer does not have members who are also citizens. But, taxpayer, like SAIF, is exclusively managed and funded by government. In fact, taxpayer does not have any private owners or members. Rather, taxpayer has a membership that is exclusively composed of public corporations, which govern taxpayer's activities through their representatives. Taxpayer is subject exclusively to public management and control.

### 3.   *Created or authorized by statute*

Although the department argued in its motion for summary judgment that taxpayer was not created or authorized by statute, it appears that the department conceded this point in its response to taxpayer's motion for summary judgment, and abandoned it in its reply. (*See* Def's Cross-Mot for Summ J at 4 ("Plaintiff was not created by any specific statute, law, or constitutional provision. Rather, plaintiff is an association created by an agreement entered into by the governing bodies of Oregon public schools."); Def's Resp at 3 ("Thus, ORS 332.105(2) permits school districts to form associations such as plaintiff. However, \*\*\* [i]n order to be a public corporation, plaintiff must also possess governmental powers \*\*\*."); Def's Reply at 1-4 (no mention of taxpayer's creation or authorization by law).)

This apparent concession is well taken. Taxpayer was created pursuant to the implied authority granted by the legislature under ORS 332.105(2). That statute provides:

> "The district school board may participate in the activities of and may become members of associations of school boards. When provided for in an approved school district budget, the board may pay from school districts funds annual dues to such association."

The court fails to see how such an association, which is to be funded by the public school districts, would be created if not by or for the future membership composed of public school boards. Indeed, the legislature contemplated that there may be many such associations because it refers to associations in the plural in ORS 332.105(2). Absent some legislative history to the contrary (and the court is not aware of any) the court considers the mention of associations of school boards in ORS 332.105(2), and the

statutory approval of the public school boards to expend public funds to be members of such associations, to be an implied authorization for public school boards to create such associations.

### 4. *Possessing governmental authority or power*

The department argues that taxpayer cannot be a public corporation because its public members have not delegated any of their governmental authority to taxpayer. Yet, a public corporation requires only the authority necessary to achieve its purpose. *See* 1 McQuillin *Mun Corp* § 2:17.

Taxpayer's purpose is to provide assistance to its public members, and advocacy on their behalf. It has been entrusted with public funds to conduct that purpose. Those public funds, and the limitations placed upon those funds by taxpayer's constitution, represent the scope of taxpayer's power and authority. Taxpayer does not need governmental authority beyond that which is necessary to accomplish its limited purpose. That is sufficient for it to qualify as a public corporation.

### 5. *Taxpayer is a "public corporation" for purposes of ORS 307.090*

The court concludes that taxpayer has the characteristics of a "public corporation" for purposes of ORS 307.090. This interpretation and application of "public corporation" comports with the policy of ORS 307.090 and the common-law rule that public property is not taxable. If the exemption requested by taxpayer for the subject property was denied, the dues of the member public corporations would bear the economic burden of that tax. The result would be one of "taking money out of one pocket and putting it into another." *Portland v. Multnomah County*, 135 Or at 472.

## C. *Taxpayer is "In This State" for Purposes of ORS 307.090*

Although the department limits its arguments to taxpayer's character as a public corporation, the county also argues that taxpayer is not a public corporation "in this state" as that term was defined by the court in *Pacific States*. *See* 346 Or at 125-27. The county argues that taxpayer does not

serve a geographic area within the state because it serves its members, not defined geographic areas. This argument is not persuasive.

First, whatever area taxpayer serves, that area is certainly within, if not coextensive with the borders of, Oregon. None of its members are outside the state, as was the case in *Pacific States*. *Id.* at 127 ("[Pacific Fisheries] represents and serves a multistate area. The interests and geographic area served by Pacific Fisheries are regional, and Pacific Fisheries cannot be considered to be confined geographically within the State of Oregon."). Taxpayer's services are contained exclusively in Oregon, making it a public corporation "in this state."

Second, it does not matter whether taxpayer serves precisely designated areas in the state.[12] The Supreme Court expressly stated that some public corporations "may not have distinct geographic boundaries in the same way that a city, county, school district, or municipal corporation does." *Id.* at 126. It is perfectly acceptable to have a more vague geographical presence, so long as those areas are "primarily within the state." *Id.*

Because taxpayer is a public corporation created under Oregon law operating within Oregon, it is the type of public corporation entitled to an exemption under ORS 307.090.

## V.   CONCLUSION

Taxpayer qualifies as a public corporation because it serves a public purpose, is exclusively managed and controlled by public entities, was impliedly authorized by statute, and was created by public entities with the limited power and authority necessary to accomplish its purpose. Taxpayer is within this state because it serves its members, which all operate within this state. Taxpayer is entitled to an exemption for the subject property under ORS 307.090. Now, therefore,

---

[12] Of course, most, if not all, of its members serve precisely designated areas. Assistance by taxpayer to such members is service to precisely designated areas.

IT IS ORDERED that Plaintiff's motion for summary judgment is granted; and

IT IS FURTHER ORDERED that Defendants' cross-motions for summary judgment are denied.