Argued and submitted October 30, 2020, affirmed. January 6, 2021

Michael McNICHOLS,
an individual,
*Petitioner-Appellant,*

*v.*

DEPARTMENT OF FISH AND WILDLIFE,
an agency of the State of Oregon,
*Respondent-Respondent,*

*and*

Curt MELCHER,
in his capacity as
the Director of that same agency,
*Respondent below,*

*and*

CANBY DEVELOPMENT, LLC,
*Intervenor-Respondent.*

Clackamas County Circuit Court
19CV09933; A172135

482 P3d 208

Plaintiff seeks to challenge a settlement agreement between the Oregon Department of Fish and Wildlife (ODFW) and Canby Development, LLC (Canby Development). The settlement agreement resolved a dispute between ODFW and Canby Development regarding the use of ODFW's conservation easement by emergency vehicles. Plaintiff is a long-time resident of Canby who uses a walking trail along the conservation easement recreationally and values the natural setting it has conserved. In the proceeding below, the trial court dismissed plaintiff's challenge for lack of standing under both the Oregon Administrative Procedures Act and the Uniform Declaratory Judgments Act. Plaintiff assigns error to that judgment and contends on appeal that he has standing. *Held*: The trial court did not err. None of plaintiff's allegations or arguments satisfied the requirements for standing under either act. Most notably, plaintiff's allegations did not support a nonspeculative inference that his interests would be injured as a consequence of the settlement agreement.

Affirmed.

Thomas J. Rastetter, Judge.

Michael McNichols argued the cause and filed the briefs *pro se*.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent Department of Fish and Wildlife. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

David A. Anderson, Jessica A. Schuh, and Schwabe, Williamson & Wyatt, PC, filed the brief for respondent Canby Development, LLC.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Affirmed.

## LAGESEN, P. J.

This is an appeal in a combined proceeding under the Oregon Administrative Procedures Act (APA), ORS 183.310 to 183.745, and the Uniform Declaratory Judgments Act, ORS 28.010 to 28.160. In it, plaintiff/petitioner[1] McNichols seeks to challenge a settlement agreement between the Oregon Department of Fish and Wildlife (ODFW) and Canby Development, LLC (Canby Development). The settlement agreement resolved a dispute between ODFW and Canby Development regarding the use of ODFW's conservation easement by emergency vehicles to access an adjacent proposed private subdivision to be developed by Canby Development. Plaintiff is a long-time resident of Canby who uses a walking trail along the conservation easement recreationally and values the natural setting it has conserved. He is concerned that the emergency-vehicle use and related development authorized by the settlement agreement will harm the natural setting and impair his enjoyment of it. The trial court dismissed for lack of standing under both the APA and the Uniform Declaratory Judgments Act. Reviewing that dismissal for legal error, *see, e.g.*, *Morgan v. Sisters School District # 6*, 353 Or 189, 194, 301 P3d 419 (2013), and *Local No. 290 v. Dept. of Environ. Quality*, 323 Or 559, 566, 919 P2d 1168 (1996), and accepting as true plaintiff's allegations in support of standing,[2] we affirm.

*APA Standing.* In the APA portion of the complaint, plaintiff alleges that the settlement agreement qualifies as a "final order" in "other than contested cases" for purposes of the APA for which he seeks judicial review under ORS 183.484. Assuming for the sake of argument that a settlement agreement resolving a dispute between an agency and a private party can constitute an "order" for purposes of the APA, *see* ORS 183.310(6) (defining "order"), the trial court

---

[1] We typically refer to a person who has petitioned for judicial review of an agency order under the APA as a "petitioner," and a person who has filed a declaratory judgment action as a "plaintiff." Here, the operative pleading has combined the two types of proceedings. Setting aside the question of whether that is permissible—an issue not raised—we use the term "plaintiff" for the balance of this opinion for ease of reading.

[2] We do not understand the trial court to have made any factual findings on the point.

was correct to conclude that plaintiff lacks APA standing under ORS 183.480.

Where, as here, a person seeks to challenge an agency order to which they are not a party, the person must demonstrate that they are "adversely affected or aggrieved by [the] order." ORS 183.480(1). To show that, the person must demonstrate

> "one or more of the following factors: (1) the person has suf-fered an injury to a substantial interest resulting directly from the challenged governmental action ***; (2) the person seeks to further an interest that the legislature expressly wished to have considered ***; or (3) the person has such a personal stake in the outcome of the controversy as to assure concrete adverseness to the proceeding."

*People for Ethical Treatment v. Inst. Animal Care*, 312 Or 95, 101-02, 817 P2d 1299 (1991) (*PETA*).

Plaintiff argues that his allegations satisfy each of those factors. Addressing the first factor, plaintiff contends that he has satisfied it by alleging facts about his use of the path on the conservation easement and his appreciation of the natural setting it affords, and by asserting that the set-tlement agreement will change the nature of the easement. Plaintiff is correct that such *interests* in a natural setting can support standing under the APA, *Cascadia Wildlands v. Dept. of State Lands*, 293 Or App 127, 134-35, 427 P3d 1091 (2018), *aff'd*, 365 Or 750, 452 P3d 938 (2019). What is missing, however, are allegations that would support a non-speculative inference that those interests will be *injured* as a consequence of the settlement agreement. Unlike the case in *Cascadia Wildlands*, where the challenged agency order would have precluded the petitioners from access to and use of land from which they took aesthetic enjoyment, *id*. at 134, plaintiff has not alleged that he will not be able to access or use the conservation easement.

Beyond that, plaintiff has not alleged facts that would allow for the nonspeculative inference that the emer-gency vehicle use allowed under the settlement agreement will alter the character of the easement in a way that

injures plaintiff's aesthetic interests. Indeed, when asked at oral argument to articulate concretely how the use contemplated by the settlement agreement would affect those interests, the only example that plaintiff could provide was that the agreement allowed the easement to be paved. Although plaintiff's concern is understandable given his longtime recreational use of the conservation easement, we do not read *PETA* to allow for standing based on apprehension that an agency action may injure a person's interests. The standard, as articulated by the Supreme Court, requires a showing that a person "*has suffered* an injury to a substantial interest." *PETA*, 312 Or at 101 (emphasis added).

Regarding the first factor, plaintiff additionally notes that he alerted ODFW of the need to investigate Canby Development's proposed use of the conservation easement and supplied ODFW with information needed to look into the matter. Although that tends to further the conclusion that plaintiff has a substantial interest in the use and enjoyment of the conservation easement, it does not allow for the inference that the settlement agreement, and the emergency vehicle use of the easement authorized by it, will result in injury to those interests.

Turning to the second *PETA* factor, plaintiff argues that the settlement agreement contravenes obligations ODFW undertook in an agreement with the Bonneville Power Administration, and that this shows that he has second-factor standing. Even if it does conflict with that agreement, the key question is whether the *legislature* has explicitly provided for consideration of plaintiff's interests. *PETA*, 312 Or at 101-02. And plaintiff has not pointed us to any statutes that would allow for the conclusion that plaintiff has an interest "that the legislature expressly wished to have considered." *Id*.

Finally, as for the third factor, plaintiff points to his previous arguments to demonstrate his standing. That factor, however, requires a demonstration that the settlement agreement "will *legally* affect the petitioner in some way." *Id*. at 104 (emphasis added). None of plaintiff's allegations or arguments demonstrate that the settlement agreement has the requisite *legal* effect on plaintiff.

*Uniform Declaratory Judgments Act Standing.* ORS 28.020 sets forth the standing requirements for a declaratory judgment action. It states, in relevant part:

"Any person * * * whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

To satisfy that provision, a plaintiff must show that the challenged writing (1) "injur[es] or impact[s] * * * a legally recognized interest" of the plaintiff; (2) "that the claimed injury or impact is real or probable, not hypothetical or speculative"; and (3) "that a decision by the court will in some sense rectify the injury." *MT & M Gaming, Inc. v. City of Portland*, 360 Or 544, 554-55, 383 P3d 800 (2016). As our discussion of APA standing illustrates, plaintiff's allegations falter on the second element; that is, plaintiff's allegations do not allow for the inference that the claimed injury to his interest in the use and enjoyment of the conservation easement is "real or probable, not hypothetical or speculative." *Id*. at 555.

*Other Standing.* Plaintiff also suggests that his taxpayer status gives him standing to bring this proceeding, citing *Hanson v. Mosser*, 247 Or 1, 427 P2d 97 (1967). Although plaintiff is correct that, under Oregon case law, taxpayer status can support standing in some circumstances, the general rule is that a plaintiff relying on taxpayer status must put forth facts demonstrating "actual or potential adverse fiscal consequences" to the plaintiff personally. *Gruber v. Lincoln Hospital District*, 285 Or 3, 8, 588 P2d 1281 (1979). Plaintiff has not done that here and also has not developed an argument in support of an exception to that general rule.

Alternatively, plaintiff contends that *Couey v. Atkins*, 357 Or 460, 355 P3d 866 (2015), abrogated the *PETA* standing requirements, and, further, that *Couey* generally confers standing on a person to bring this action to vindicate a "public interest" or "public good." We disagree, and do not

read *Couey* to have altered the law of standing in Oregon in either of the specific ways posited by plaintiff.

Affirmed.